## Franklin B. Gowen et al., Receivers of the Philadelphia & Reading R. Co., Plffs. in Err., *v.* Christian Glaser et al.

That a fire was caused by a locomotive may be proved by circumstantial evidence; and, where the particular engine is not identified, evidence is admissible showing the habitual use of insufficient spark arresters on the engines of the road.

Combustible material spread on a field near a railroad caught fire. There was no direct evidence as to the origin of the fire. Witnesses testified that engines of the road had frequently set fire to the property and vegetation along that part of the road, shortly before and shortly after, and that the same rags were repeatedly set on fire by the engines afterwards, and that the company habitually used defective spark arresters. *Held*, properly left to jury to say if the fire occurred through the negligence of the defendant.

It was argued on writ of error that plaintiff was guilty of contributory negligence, by exposing property near the railroad; and that he should have been nonsuited. The point was not raised at the trial below, but the court was requested to instruct the jury to find for the defendant. *Held*, that there was no error in omitting to rule on a question which neither party presented or suggested.

(Decided April 12, 1886.)

Cited in Henderson v. Philadelphia & R. R. Co. 144 Pa. 461, 482, 16 L. R. A. 299, 28 W. N. C. 487, 490, 27 Am. St. Rep. 652, 22 Atl. 851; Taylor v. Sattler, 6 Pa. Super. Ct. 229, 237, 41 W. N. C. 149; Com. v. Price, 15 Pa. Super. Ct. 342.

NOTE.—For error in omitting to charge in the court below, see notes to Frothingham v. Laflin & R. Powder Co. 8 Sad. Rep. 29; Walker's Appeal, 1 Sad. Rep. 295. See also Taylor v. Sattler, 6 Pa. Super. Ct. 229, 41 W. N. C. 149; Com. v. Price, 15 Pa. Super. Ct. 342.

To recover for loss from fire caused by the emission of sparks from engines, negligence must be shown, the burden of so doing being upon the

Error to Common Pleas, No. 4, of Philadelphia County to review a judgment for plaintiffs in an action on the case for damages. Affirmed.

Plaintiffs had a quantity of rags spread out in their field, near defendant's railroad. The rags caught fire and were damaged. The plaintiffs thereupon brought this action.

The plaintiffs, on the trial, made the following offer, which was received under objection:

Mr. White: "I offer to show that several engines upon this road had insufficient spark catchers; that the engines of this road had repeatedly set fire to the property and to the vegetation along that part of the track, very shortly before and very shortly after this occurrence; that sparks as large as a hickory nut escaped in large quantities from the engines, causing these fires; that after this fire what remained of the rags and what were saved were spread upon the field and watched day and night, and that they were set on fire repeatedly by the engines passing on this road."

The Court: "It is an offer to show that the company was negligent in having these engines with insufficient spark arresters; and that, shortly before and shortly after this occurrence, these engines with insufficient spark arresters had set fire to material along the line of the road. I agree that the cases quoted to me would be conclusive if the plaintiffs could fix, or by their evidence had fixed, a particular engine which had done this injury. But it seems to me that it must be competent for the plaintiffs, notwithstanding these cases, to show by circumstantial evidence that this was probably an engine with an insufficient spark arrester; not by saying that the damage was done and asking the jury to infer that it was done by an engine with an insufficient spark arrester, but to show that they have many engines with insufficient spark arresters, which were constantly doing this thing,

plaintiff. Albert v. Northern C. R. Co. 98 Pa. 316; Henderson v. Philadelphia & R. R. Co. 144 Pa. 461, 16 L. R. A. 299, 28 W. N. C. 487, 490, 27 Am. St. Rep. 652, 22 Atl. 851. If this is done, the plaintiff can recover. Huyett v. Philadelphia & R. R. Co. 23 Pa. 373; Lackawanna & B. R. Co. v. Doak, 52 Pa. 379, 91 Am. Dec. 166. But if not proved by direct or circumstantial evidence, the question should not be submitted to the jury. Jennings v. Pennsylvania R. Co. 93 Pa. 337; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 121.

See editorial note to Barnowski v. Helson, 15 L. R. A. 40, presenting in full the authorities as to presumption of negligence in case of railway fires.

thus laying the ground for an inference that it was one of those engines with insufficient spark arresters which did this. This is according to the ordinary rules of proving a fact of which there is no direct proof by circumstantial evidence, and it seems to me is competent. I must keep, of course, within the cases referred to; but they do not seem to me to touch the present case, because they were cases where the specific engine which was charged with the mischief was known and proved by the plaintiffs' witnesses. The point is a very nice one, in view of these decisions, but I will admit the offer."

Mr. White: "I find that I can make the offer a little broader. My offer is to prove that the only spark arresters in use upon that road were defective; that the character of spark arrester which they used was defective; that they used no other but imperfect ones. I do not mean that I can show that the whole 800 engines were examined; but I can show that they habitually used this spark arrester; and that that was the character of spark arrester in use by the road; that it was defective."

The defendants produced testimony to show that their engines were of two widely different kinds. One, the older pattern, called a ten-wheel engine, was furnished with a steel corrugated spark arrester, placed at the top of the chimney stack. The other, an engine of different construction in every particular, was furnished with what is known as the Wootten extended grate or fire box. The spark arrester in this engine is inside, at the end of the flues, and cannot be seen from the outside. Of the engines which passed the point in question about the time the fire occurred, three were of the ten-wheel pattern and four of the Wootten kind.

The court below, THAYER, P. J., charged the jury as follows:

The first question for you to determine in this case is whether the loss was occasioned by the defendants; and second, whether they are chargeable with negligence in that respect.

As to the first question, the cause of the fire, we have but two witnesses, neither of whom saw the fire communicated to the rags. Neither of them saw the engine pass, but they both say that they heard one pass, and both say that a few minutes afterwards they saw the rags on fire. The plaintiffs' case upon that point rests upon circumstantial evidence.

It is for you to say whether that is satisfactory evidence to you that the fire was produced by the defendants' engine.

The plaintiffs are bound to make that point clear to you, as that is the foundation of their case. If the plaintiffs' evidence on that head is not satisfactory to you, you should find a verdict for defendants. They are bound to establish to your satisfaction that the rags were burned by sparks from an engine of the defendants.

If you are of this opinion you will have to go on and ascertain whether that took place in consequence of their negligence.

It is impossible to prevent the escape of sparks, it seems, from a locomotive. The most that can be done is to try to moderate the evil by preventing the escape of masses of fire.

If the fire was communicated by sparks not emitted by negligence, the defendants are not liable. It is not contrary to law, and it is not negligence, to run an engine which emits sparks, and the defendants are not responsible for loss occasioned by that cause unless it was clearly caused by negligence.

The sole question is whether defendants did their duty by using known agencies in general use in order to prevent such accidents.

It is undoubtedly their duty to use great care and to adopt the best precautions which are in general use to avoid such danger. If defendants used ordinary care and skill in procuring such spark arresters as are generally in use in the country and are approved by experienced railroad operators, and were not guilty of any negligence in that respect, then they are not liable for the plaintiffs' loss if they caused it.

If, on the contrary, the accident was due to their negligence in not providing their engines with those means in common use, then they are responsible if the accident was the result of that.

The court also refused to charge the jury that, "under all the evidence the verdict should be for the defendants."

Verdict for plaintiffs and judgment thereon, whereupon the defendants took this writ, assigning for error the rulings of the court as above.

*Thomas Hart, Jr.,* for plaintiffs in error.—Plaintiffs' *narr.* alleged damage caused by a certain engine. On the trial they failed to connect the fire with any engine of defendants, but re-

lied upon a supposition that some of their engines had no spark arresters, and attacked the efficiency of the apparatus used upon others. There was absolutely no evidence as to the origin of the fire.

In Brown v. Atlanta & C. Air Line R. Co. 19 S. C. 39, it was held that defendant could not be held liable on a mere probability that the fire was caused by its engines, but only upon preponderance of proof that it was so caused.

In Sheldon v. Hudson River R. Co. 29 Barb. 226, only one person saw the inculpated engine; and no one saw any sparks or cinders emitted by it. Plaintiff alleged negligence in constructing, managing, and conducting the engine, but was nonsuited, the court saying that the plaintiff could not recover upon a possibility, nor even upon a probability; because, to justify a verdict, the law required, not positive proof, it is true, but such proof as will leave no reasonable doubt of the existence of the fact upon which it must rest.

See also Musselwhite v. Atlantic M. & O. R. Co. 4 Hughes, 166, Fed. Cas. No. 9,972.

That a scintilla of evidence is not to be submitted to the jury, see Howard Exp. Co. v. Wile, 64 Pa. 201; Pennsylvania R. Co. v. Fries, 87 Pa. 234; Philadelphia & R. R. Co. v. Schertle, 97 Pa. 450.

But supposing the evidence did connect the fire with an engine of defendants; there was not sufficient evidence of negligence as to the engine. It was not alleged that any particular spark arrester was not in good order, but that the spark arresters of all the engines of a particular class on the road were of a bad kind, although in the best of order; and the jury was left to infer, from the fact that an engine passed about the time of the fire, that it was an engine of that class. The firing of woods several times by sparks from engines is not in itself evidence from which negligence in managing the fires of the engines can be inferred, and it is error to so leave it to the jury. Philadelphia & R. R. Co. v. Yeiser (1848) 8 Pa. 366. See also Philadelphia & R. R. Co. v. Yerger (1873) 73 Pa. 121.

In Erie R. Co. v. Decker, 78 Pa. 293, where plaintiff alleged that the fire was caused by a particular engine, it was held that the condition of that engine and its management were all that was legitimately before the court. And see Jennings v. Penn-

sylvania R. Co. 93 Pa. 337; Reading & C. R. Co. v. Latshaw, 93 Pa. 449; Albert v. Northern C. R. Co. 98 Pa. 316.

The court did not correctly state the measure of defendants' duty in regard to spark arresters. The degree of care to be used is ordinary care. Frankford & B. Turnp. Co. v. Philadelphia & T. R. Co. 54 Pa. 345, 93 Am. Dec. 708.

An employer is not bound to furnish for his workman the "safest" machinery, nor to provide the "best methods" for its operation. If it be of ordinary character, and such as can with reasonable care be used without danger, it is enough. Payne v. Reese, 12 W. N. C. 97; Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684; Northern C. R. Co. v. Husson, 101 Pa. 1, 47 Am. Rep. 690; Philadelphia, W. & B. R. Co. v. Keenan, 103 Pa. 124.

In placing inflammable rags near a railroad track, plaintiffs were guilty of contributory negligence, and cannot recover. Post v. Buffalo, P. & W. R. Co. (1885) 42 Phila. Leg. Int. 406; Philadelphia & R. R. Co. v. Hendrickson, 80 Pa. 182, 21 Am. Rep. 97,

That the court below was not asked to give instruction upon the subject of contributory negligence does not prevent defendants urging it now, under the request for a general instruction, that the verdict should be for defendants.

*George H. Earle, Jr.,* and *Richard P. White,* for defendants in error.—Ordinarily, the mere unchartered use of a locomotive engine, throwing fire on the premises of another, would *per se* be such negligence as to make defendant liable, no matter what care was used. Wharton, Neg. 2d ed. § 868; Jones v. Festiniog R. Co. L. R. 3 Q. B. 733; Salmon v. Delaware, L. & W. R. Co. 38 N. J. L. 5, 20 Am. Rep. 356; Fletcher v. Rylands, L. R. 1 Exch. 265; Rylands v. Fletcher, L. R. 3 H. L. 330.

But in Vaughan v. Taff Vale R. Co. 5 Hurlst. & N. 685, the court held that as it was impossible to prevent fires entirely, and, as the legislature had directed the thing to be done, this sanction carried with it immunity from liability for unavoidable damage, where "every precaution has been observed to prevent injury." This is the entire extent of defendants' exception. Metropolitan Asylum Dist. v. Hill, L. R. 6 App. Cas. 193; Geddis v. Baun Reservoir, L. R. 3 App. Cas. 430, 455; Truman v. London, B. & S. C. R. Co. L. R. 29 Ch. Div. 109.

The law imposes upon those who use dangerous agencies, such as locomotives, the highest degree of diligence and foresight and the use of the most approved apparatus. Fero v. Buffalo, & S. L. R. Co. 22 N. Y. 213, 78 Am. Dec. 178; Frankford & B. Turnp. Co. v. Philadelphia & T. R. Co. 54 Pa. 345, 93 Am. Dec. 708; Cooley, Torts, p. 662; Thomp. Neg. 152; Steinweg v. Erie R. Co. 43 N. Y. 123, 3 Am. Rep. 673; Pittsburgh, C. & St. L. R. Co. v. Nelson, 51 Ind. 150; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 27 L. ed. 739, 2 Sup. Ct. Rep. 719.

Being unable to show the exact engine causing the fire, plaintiffs were entitled to show that defendants habitually used spark arresters with larger meshes than those in use on other roads, and the throwing of sparks and causing of fires thereby; and that there was no other way in which this fire could have been caused. Except in the rare case of actual eye-witnesses to the ignition, other proof is impossible, and such cases are almost universally so proved. Pennsylvania R. Co. v. Stranahan, 79 Pa. 405; Philadelphia & R. R. Co. v. Hendrickson, 80 Pa. 189, 21 Am. Rep. 97; Huyett v. Philadelphia & R. R. Co. 23 Pa. 373; Webb v. Rome, W. & O. R. Co. 49 N. Y. 423, 10 Am. Rep. 389; St. Joseph & D. C. R. Co. v. Chase, 11 Kan. 47; Hoyt v. Jeffers, 30 Mich. 181; Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 23 L. ed. 356; Wharton, Ev. § 43.

The question of contributory negligence was an afterthought, and was not suggested until after the verdict. Plaintiffs are not required to remove combustible materials in order to guard against defendants' possible, or even probable, negligence, or their improper use of the locomotives. Philadelphia & R. R. Co. v. Hendrickson, 80 Pa. 190, 21 Am. Rep. 97; Philadelphia & R. R. Co. v. Schultz, 93 Pa. 345.

Nor to keep their property in any particular state, because a railway runs along it. Vaughan v. Taff Vale R. Co. 5 Hurlst. & N. 685. And see Kellogg v. Chicago & N. W. R. Co. 26 Wis. 223, 7 Am. Rep. 69; Cook v. Champlain Transp. Co. 1 Denio, 99; Bellows v. Sackett, 15 Barb. 102.

"The aggressor can never say that it was the duty of the assailed to ward off the blow unlawfully aimed at him." The lawful use of one's land cannot be held to be negligence, or the proximate cause of an injury by another. Wilder v. Maine C. R. Co. 65 Me. 332, 20 Am. Rep. 698; Bensen v. Suarez, 28

How. Pr. 512; Cressey v. Northern R. Co. 59 N. H. 564, 47 Am. Rep. 227; Flynn v. San Francisco & S. J. R. Co. 40 Cal. 14, 6 Am. Rep. 595; Salmon v. Delaware, L. & W. R. Co. 38 N. J. L. 5, 20 Am. Rep. 356; Delaware, L. & W. R. Co. v. Salmon, 39 N. J. L. 311, 23 Am. Rep. 214; Snyder v. Pittsburgh, C. & St. L. R. Co. 11 W. Va. 17; St. Joseph & D. C. R. Co. v. Chase, 11 Kan. 47; Fitch v. Pacific R. Co. 45 Mo. 322; Jefferis v. Philadelphia, W. & B. R. Co. 3 Houst. (Del.) 448; Burke v. Louisville & N. R. Co. 7 Heisk. 452, 19 Am. Rep. 618; Hart v. Western R. Corp. 13 Met. 99, 46 Am. Dec. 719; Ingersoll v. Stockbridge & P. R. Co. 8 Allen, 438; Martin v. Western U. R. Co. 23 Wis. 437, 99 Am. Dec. 189; Piggot v. Eastern Counties R. Co. 3 C. B. 229; Smith v. London & S. W. R. Co. L. R. 5 C. P. 98; Hewey v. Nourse, 54 Me. 256; Field v. New York C. R. Co. 32 N. Y. 339; Bachelder v. Heagan, 18 Me. 32; Barnard v. Poor, 21 Pick. 378; Perley v. Eastern R. Co. 98 Mass. 414, 96 Am. Dec. 645; Hooksett v. Concord R. Co. 38 N. H. 242; McCready v. South Carolina R. Co. 2 Strobh. L. 356; Cleaveland v. Grand Trunk R. Co. 42 Vt. 449; Alpern v. Churchill, 53 Mich. 614, 19 N. W. 549.

As no compensation has ever been allowed to landholders for the danger of negligently kindled fires (Sunbury & E. R. Co. v. Hummell, 27 Pa. 99; Lehigh Valley R. Co. v. Lazarus, 28 Pa. 203; Patten v. Northern C. R. Co. 33 Pa. 426, 75 Am. Dec. 612), it would be a violation of the Constitution of the United States to rule that they could be outlawed for a legitimate use of their own property. Re Jacobs, 98 N. Y. 98, 50 Am. Rep. 636; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 27 L. ed. 739, 2 Sup. Ct. Rep. 719; Butchers' Union S. H. & L. S. L. Co. v. Crescent City L. S. L. & S. H. Co. 111 U. S. 755, 28 L. ed. 590, 4 Sup. Ct. Rep. 652.

PER CURIAM:

No point was made in the trial as to any contributory negligence on the part of the plaintiffs below. The question was then not even mooted. It was not error to omit to rule on a question that neither party presented or suggested. Every question of negligence that was raised was correctly presented to the jury.

We see no error in the admission of evidence, nor in answers to the points.

Judgment affirmed.