SILAS IRELAND ET AL. v. THE CINCINNATI, WABASH & MICHIGAN RAILROAD COMPANY.

*Railroad companies—Negligence—Fires ignited from engine—Evidence.*

1. The rule is well established that a witness may be cross-examined upon all points material to the issue, whether the party has called them out upon the direct examination or not. *People v. Barker*, 60 Mich. 279.

2. Where, in a suit against a railroad company for setting fire to plaintiffs' factory ·by a defective engine, the *particular* engine is known and designated, it is not competent to show *generally* that the defendant's engines have caused fire at other times and places, but such particular engine may be shown to have done so, by means of escaping sparks, to show its defective construction.

·3. Where the question whether a fire was communicated to plaintiffs' factòry by defendant's engine was sought to be established from inferences drawn from the facts and circumstances introduced in evidence tending to prove it, the defendant, for the purpose of placing all of such facts and circumstances before the jury, may show that a stationary boiler, with a smoke-stack having no spark-arresters, was located within a short distance of the factory, and was in use at the time of the fire; and, to show that live sparks were emitted from this smoke-stack, a witness may testify that some time after the fire a spark from this smoke-stack fell upon and burned the witness' clothing.

4. It is not for a witness, but the jury, to draw inferences from facts.

So *held*, where a witness testified that "he knew there must have been· wood in the engine, by the sparks."

5. Where the origin of a fire claimed by the plaintiffs to have been caused by defendant's defective engine is problematical, and depends upon inferences to be drawn from facts proved, it is competent for the defendant to introduce testimony having a tendency to prove that the fire was of incendiary origin.

Error to St. Joseph. (Pealer, J.) Argued January 7 and 8, 1890. Decided January 17, 1890.

Case. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*C. B. Potter* (*George S. Clapp*, of counsel), for appellants.

*Lawrence O. Fyfe, Dallas Boudeman,* and *C. E. Cowgill,* for defendant.

CHAMPLIN, C. J. Plaintiffs were the owners of a plow factory situated in Benton Harbor; and on the morning of December 14, 1883, it was wholly consumed by fire. The defendant was operating a railroad, and its track passed within about 50 feet of the factory. The plaintiffs allege that the locomotive engine of defendant was out of repair, and not in good order and condition, and was improperly managed by defendant's servants, and the sparks arising and coming from the smoke-stack, through the careless, negligent, improper, and unskillful management of the engine by defendant's servants, were driven, blown, and lodged in and upon the buildings of plaintiffs, and said buildings took fire therefrom, and were, with their contents, burned and destroyed. The cause was submitted to the jury, under instuctions by the court as to the law, and they returned a verdict for the defendant. Several errors are assigned upon the latitude permitted by the court in the cross-examination of plaintiffs' witnesses. It is not necessary to repeat the errors assigned. The rule is well established that a witness may be cross-examined upon all points material to the issue, whether the party has called them out upon direct examination or not; and there was no error in permitting the facts to be elicited upon the cross-examination of plaintiffs' witnesses.

The court refused to permit the plaintiffs to show that an engine of defendant set fire at another time and place

than the one mentioned in the pleadings. It was not claimed that such fire was set by the engine which caused the fire in question. It had already been proved that the engine which passed by the plaintiffs' factory on the morning of the fire was designated as "Engine No. 1." Where the particular engine is known and designated, it is not competent to show generally that the defendant's engines have caused fire at other times and places. To show that the particular engine was defective in construction, it may be shown that such engine has previously caused fire to be set by escaping sparks at other times and places; and this privilege was not denied to the plaintiffs.

Defendant was permitted to show that within a short distance from plaintiffs' factory there was a stationary boiler with smoke-stack; that the fire used to make steam was fed by pine slabs; that the smoke-stack had no spark-arresters upon it; and that it was in use that morning, at the time of the fire. And, to show that sparks were emitted from this smoke-stack which were alive, a witness was permitted to testify that some time after the fire, which destroyed the plaintiffs' factory, a spark from this smoke-stack fell upon the witness, and burned his clothes. We think this testimony admissible, as showing the situation of the surroundings of the factory, and its exposure to risk from fire, to be considered by the jury with other circumstances in the case. The question as to whether the fire was communicated by the locomotive engine of defendant was not established by positive and direct testimony; but it was sought to be established by plaintiffs from inferences drawn from the facts and circumstances introduced in evidence tending to prove it. And it was for the purpose of placing all the facts and circumstances before the jury that the trial court permitted such facts and circumstances to be introduced,

and for this purpose such testimony was properly admitted.

There was no error in striking out the answer of the witness Congdon, as follows: "I know there must have been wood in the engine, by the sparks." It is not for a witness, but the jury, to draw inferences from facts.

William J. Hobbs was a witness produced by the defendant; and he testified that he was the fireman upon Engine No. 1 on the morning of December 14, 1883. This cause was tried in the court below in January, A. D. 1887; and he testified that he was then engineer upon defendant's road. On his cross-examination he testified that he commenced firing in 1882. Before that, for two years, was braking and switching, and was promoted to be engineer in September, 1886. He had read no books on engineering to amount to anything, nor on construction of locomotives. He was then asked:

"What education have you received, then, with reference to your present position as engineer, aside from the fact that you stoked on an engine?"

To this question the defendant's counsel objected on the ground that it was immaterial. The court sustained the objection; and the plaintiffs' counsel excepted, and have assigned error upon the ruling. The ruling was correct.

The origin of the fire was problematical, and depended, not upon direct and positive proof, but upon inferences to be drawn from facts proved. It was competent in such case for defendant to introduce testimony having a tendency to prove that the fire was of incendiary origin; and the errors assigned upon the admission of such testimony are overruled.

Ten errors are assigned upon the refusal of the court to charge as requested by plaintiffs' counsel, and to the charge as given. We have carefully examined the errors

assigned, and are satisfied that no error was committed. The charge given covered the whole law of the case, stated in a plain and careful manner, so as to guard the rights of both parties; and the particular errors assigned do not raise questions of law that call for a full discussion.

The judgment of the circuit court is affirmed.

The other Justices concurred.