Filed Nov. 8, 1893.

---

No. 911.

## The Grand Rapids and Indiana Railroad Company v. Cox.

INTERROGATORIES TO JURY.—*Refusal to Submit.—When Not Available Error.*—Where answers to interrogatories refused, taken in connection with the answers made to interrogatories submitted to the jury, could not have controlled the general verdict, there was no available error in refusing them.

SAME.—*When General Verdict Controlled By.*—It is only when the answers to interrogatories are absolutely irreconcilable with the general verdict that the general verdict will be controlled by them.

INSTRUCTIONS TO JURY.—*Those Given not in Record.—No Question as to Those Refused.—Presumption.*—Where instructions given are not in

the record, no available question is presented as to those asked and refused, as it will be presumed that those given covered all proper points included in those refused.

CONTRIBUTORY NEGLIGENCE.—*Railroad Crossing.—Exception to Rule Requiring Traveler to Stop and Listen.*—A person approaching a railroad crossing is required to look and listen, because it is the part of a prudent man to do so, for the reason that a due regard for his own safety requires it. If, however, the facts and circumstances under which he approaches it are such as to mislead him, and such as would naturally create in his mind a sense of security and belief that there is no danger, to such an extent that a man of prudence would ordinarily act upon it, then the reason and rule for the precaution fails, as where one railroad train follows another, at a high rate of speed, with but twelve seconds of time between them, the view of the track being materially obstructed.

SAME.—*When a Question of Law.—Question of Fact.*—Where the facts are undisputed, and but one legitimate inference can be fairly drawn from them, the court may take the question of negligence from the jury; but if the undisputed facts are of such a character that different men might reasonably and fairly base upon them different conclusions, then the determination of the question is for the jury.

From the LaGrange Circuit Court.

T. J. O'Brien, J. H. Campbell and F. D. Merritt, for appellant.

O. L. Ballou and J. D. Ferrall, for appellee.

GAVIN, C. J.—The appellee recovered judgment for injuries received in a collision with one of appellant's trains at a highway crossing.

There was clearly no error in the overruling of appellant's motion for judgment on the answers to interrogatories returned by the jury with their general verdict. It is only when the answers to interrogatories are absolutely irreconcilable with the general verdict that the general verdict will be controlled by them. *Schaffner* v. *Kobert*, 2 Ind. App. 409; *City of Greenfield* v. *State, ex rel.*, 113 Ind. 597; *Lockwood* v. *Rose*, 125 Ind. 588.

The court substituted its own interrogatories for those prepared by appellant.

By those interrogatories, appellant's counsel say they

would have shown "that appellee could see and hear; that he lived within eighty rods of the crossing, and had crossed over and been acquainted with it for years, and knew the situation; that he was in a top buggy with the top lowered; that it was about ten o'clock at night; that there was a bright headlight blazing on the locomotive that struck him; that after he got within forty feet of the track, there was nothing to obstruct his view of the track for over forty rods in the direction of the approaching train, and from at least thirty-six feet from the track to the track, he drove in the glare of the blazing headlight and must have been at least ten feet from the track when he saw the light approaching fifty feet away.

There is, in the interrogatories, nothing which would have developed the fact that he drove in the glow of the blazing headlight for any distance. Even though at forty feet back the track might have been clear to the view for forty rods, at the relative speed of the train and appellant in approaching it, the train could have been only 120 feet distant. Conceding that all the facts proposed to be shown and called for by the interrogatories were true, still they would not be sufficient to overturn the general verdict, when taken in connection with the answers made to the interrogatories propounded by the court.

Appellant's own breach of duty and its own conduct may have been such as to have misled appellee and to have relieved him from a portion of that diligence which would otherwise have been required of him, and when finally apprised of the peril in which he had been placed the jury may well have found that he did all that could reasonably be required.

Where the answers to interrogatories refused could not have controlled the general verdict, there is no available error in refusing them. *Indiana Stone Co.* v. *Stewart*, 7 Ind. App. 563, 34 N. E. Rep. 1019; *Chicago,*

*etc., R. R. Co.* v. *Hedges, Admx.,* 105 Ind. 398; *Cleveland, etc., R. W. Co.* v. *Asbury,* 120 Ind. 289.

The instructions given by the court are not properly in the record. They are not brought in by bill of exceptions, but an effort is made to save the exceptions under section 535, R. S. 1881.

To do this it has long been held that it is absolutely essential that the record should show that the instructions were filed. Section 533, R. S. 1881; *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378, and cases there cited; *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110; *Beem* v. *Lockhart,* 1 Ind. App. 202; *Starnes* v. *Schofield,* 5 Ind. App. 4.

The record in this case nowhere shows that the instructions were filed. According to the authorities above referred to, the insertion of them in the record by the clerk is not sufficient.

The instructions given not being in the record, no available question is presented as to those asked and refused, as it will be presumed that those given covered all proper points included in those refused. *Close* v. *McIntire,* 120 Ind. 262; *Puett* v. *Beard,* 86 Ind. 104.

Counsel contend that the evidence fails to show freedom from contributory negligence upon the part of plaintiff.

There was evidence, either direct or circumstantial, tending to show the following state of facts: Appellee was familiar with the crossing, which was a country crossing over a single track approached at a down grade on the highway. About nine o'clock at night, he drove toward the crossing, riding in a buggy with the top down. Knowing a train was about due, he listened and heard it, checked up his horse to a slow walk, and when he was one hundred feet from the crossing the train passed. His horse then started up in a trot. Appellee drove on,

The Grand Rapids and Indiana Railroad Company *v.* Cox.

without looking further, until his horse's feet were almost on the track, and his body perhaps ten feet from it, when he saw another train within apparently about fifty or sixty feet, coming at fifteen or twenty miles per hour. Believing this to be his only chance for escape, he struck his horse with the lines, and was caught by the train as he crossed the track. The train approached without giving the statutory signals, and without appellee's hearing it. The road was narrow, making it very difficult to turn or back near the track. Both the road and the railroad ran through cuts, so that the approaching train could not be seen until the traveler was within thirty-five feet of the crossing. The rear train was three hundred feet behind the first train, or, measured in time, it was only twelve seconds behind.

Appellant claims that the failure to look and see when he could have seen, is necessarily such contributory negligence upon the part of appellee as defeats his recovery. The jury was justified in finding, that appellee was approaching the crossing with proper care and upon the lookout when the first train passed; that when it passed, he was thereby led to believe that no other train was within such distance as to place him in danger in crossing. He saw the train when ten feet from the railroad. He could have seen it first when thirty-five feet away. His failure to look when looking would not have availed, can not, of course, be ascribed to him as negligence. The only negligence then possible was during the time he passed over this twenty-five feet, which would occupy, at the proved rate of five miles per hour, less than four seconds of time.

Under such circumstances, can it be said that the failure to look was contributory negligence *per se?*

It is conceded by counsel that it is the law in Indiana.

that, ordinarily, a traveler approaching a railroad crossing is required to look and listen for approaching trains, and that when his neglect to do so contributes to the accident, it is contributory negligence, and prevents a recovery.    *Thornton, by Next Friend,* v. *Cleveland, etc., R. W. Co.,* 131 Ind. 492; *Mann* v. *Belt R. R. and Stock Yard Co.,* 128 Ind. 138; *Baltimore, etc., R. R. Co.* v. *Walborn, Admr.,* 127 Ind. 142; *Cadwallader* v. *Louisville, etc., R. W. Co.,* 128 Ind. 518; *Ohio, etc., R. W. Co.* v. *Hill, Admx.,* 117 Ind. 56; *Cincinnati, etc., R. W. Co.* v. *Grames,* 34 N. E. Rep. 714.

It is also true that while the failure to give the statutory signals is *per se* negligence upon the part of the railroad company, yet such failure will not, of itself, relieve the traveler from the exercise of due care upon his part.    *Cleveland, etc., R. W. Co.* v. *Harrington,* 131 Ind. 426; *Cadwallader* v. *Louisville, etc., R. W. Co., supra.*

There is, however, a well recognized exception to the rule requiring that the traveler shall look for approaching trains, and this exists when he has been, by conduct and fault of the company, misled and thrown off his guard, and thus prevented from taking the precaution which he would otherwise have observed.

A man approaching a railroad crossing is required to look and listen, for the reason that it is the part of a prudent man to do so, because a due regard for his own safety requires it.    If, however, the facts and circumstances under which he approaches it are such as to mislead him, and such as would naturally create in his mind a sense of security and belief that there is no danger, to such an extent that a man of prudence would ordinarily act upon it, then the reason for the precautions fails.

This exception to the general rule does not mean that the traveler is relieved from the exercise of due care, but

it simply means that the *quantum* of care required from the traveler may be lessened by the acts and conduct of the railroad company, which create and justify in his mind the belief that he can safely dispense with a portion of that diligence ordinarily required.

It is said, in *Chicago, etc., R. R. Co.* v. *Hedges, Admx., supra:* "A prudent man's attention may be diverted so that he will fail to look and listen, and the evidence may be such as to make it proper to leave to the jury the question whether it was negligence for him to so fail. There may be circumstances which excuse the taking of the usually necessary precaution of looking and listening."

This language was used while considering the correctness of an instruction which gave to the jury the general rule, and then added: "If, however, in this case, you shall find from the evidence that the deceased was thrown off his guard and induced to refrain from taking this precaution by seeing the defendant's engine pass the crossing immediately before he stepped upon the railroad track, I will submit to you the question whether or not, under all the circumstances then surrounding the deceased, he was guilty of negligence."

Of this instruction it is finally said: "If there was any evidence tending to show that the plaintiff's intestate was thrown off his guard by such means as might have such effect upon an ordinarily prudent man (and we think there was some such evidence), it was not wrong to submit to the jury the question of contributory negligence."

In passing again upon this same case in 118 Ind. 5, Judge MITCHELL holds that on the facts, as found specially, the deceased was not in fact misled, because the one train did not follow the other until after several minutes, and the deceased was himself perfectly familiar

with the custom. The court, however, clearly recognizes that such a case might be, saying: "His attention was not distracted by one train following so close upon another, without warning, as to mislead him or throw him off his guard."

In *Ohio, etc., R. W. Co.* v. *Hill, Admx., supra,* it is said: "There are cases where there may be a recovery, although the plaintiff may have gone upon the track without looking and listening for approaching trains, as the above stated rule requires, as, for example, where, by the negligence or misconduct of the railway company, another is suddenly put in peril, and when in such peril, and acting under the impulse of apparently well grounded fear, seeks to escape; or where the railway company acting through its servants, by its own negligent or wrongful acts or omissions, throws the plaintiff off his guard; or where it so acts as to invite him to go upon the track, or to create the impression that there is no danger when, in fact there is."

In *Cadwallader* v. *Louisville, etc., R. W. Co., supra,* where a footman entered upon the track without looking, COFFEY, Judge, uses this language: "Had the flagman done anything to induce the appellant to attempt a crossing at the time she was hurt, or anything to throw her off her guard, then the question of her negligence would have been a question for the jury. *Chicago, etc., R. R. Co.* v. *Hedges, Admx., supra.*"

In *Cleveland, etc., R. W. Co.* v. *Harrington, supra,* the same judge says: "In the absence of some evidence to the contrary, we think the appellee had the right to presume that the appellant would obey the city ordinance and would not run its trains at a greater rate of speed than four miles an hour at the point where the injury occurred, and while the wrongful conduct of the appellant in this regard would not excuse her from the

exercise of reasonable care, yet in determining whether she did use such care, her conduct is to be judged in the light of such presumption." See, also, *Chicago, etc., R. R. Co.* v. *Boggs*, 101 Ind. 522, and *Pennsylvania Co.* v. *Stegemeier, Admx.*, 118 Ind. 305.

In *Evansville, etc., R. R. Co.* v. *Marohn*, 34 N. E. Rep. 27, 6 Ind. App. 646, this court approved the language quoted from *Ohio, etc., R. W. Co.* v. *Hill, Admx., supra.*

In *Eichel* v. *Senhenn*, 2 Ind. App. 208, it approved the principle of the case of *Chicago, etc., R. R. Co.* v. *Hedges, supra.*

From these authorities it is plain that our court has repeatedly recognized the existence of the exception to the general rule, and that where the traveler is deceived and thrown off his guard by the conduct and fault of the company, he may be deemed to have been in the exercise of proper care without taking all the precautions which would otherwise be required.

In *Cleveland, etc., R. W. Co.* v. *Harrington, supra,* the Supreme Court refused to adjudge it to be negligence as a matter of law, for a traveler on foot to fail to look and see an approaching train after she was within thirty-seven feet of the track.

The circumstances in the case of *French* v. *Taunton, etc., R. R.*, 116 Mass. 537, were quite similar to this case.

The company was there making a flying switch. A woman approached the track, driving in her carriage at the rate of four or five miles an hour. She saw a train pass, and drove on to the track without stopping or looking. Her carriage was struck by a flat car which had been detached from the train and was following it. At a point forty-six feet from the track, she could have seen up the track forty-six feet. At thirty feet from the crossing she could have seen up the track for a long distance. She did not look, because she did not suppose

one train would follow so closely upon another. It was held that the question of her due care was properly for the jury. This case was followed in *Griffin* v. *Boston, etc., R. R. Co.*, 148 Mass. 143.

*Ferguson* v. *Wisconsin, etc., R. R. Co.*, 19 Am. and Eng. Ry. Cases, 285, supports the same doctrine, which is followed by *Ward* v. *Chicago, etc., R. W. Co.*, 55 N. W. Rep. 771, where it is said with reference to a similar accident: ''The plaintiff did not look in the direction of this car coming. He was watching and waiting for the train to pass. His attention was diverted from that direction, and as soon as the train was over and away from the crossing * not supposing or having any reason to expect or think that this detached car was following after the train. No ordinarily reasonable man would have so expected or thought, situated as the plaintiff was. The duty of a traveler before crossing a railway to look both ways and listen depends upon the conditions that he might reasonably expect the coming of a train at any and all times, and that his attention is not reasonably arrested or diverted.''

In *Breckenfelder* v. *Lake Shore, ete., R. W. Co.*, 79 Mich. 560, the deceased was struck by a detached car, which he did not look for, relying upon the train's having passed the crossing shortly before. The court held the question of care properly submitted to the jury.

Thus, we find this exception to the general rule recognized by our own cases, and those of other States as well.

No man would naturally expect that one railroad train should follow another, at a high rate of speed, with but twelve seconds of time between the two. Such a reckless disregard, both of their own safety and of the interests of their employers, no man would ordinarily expect.

''It certainly is negligence to create an appearance of

safety where there is, in fact, danger, and such a false appearance is created when one train follows another so closely as not to allow time for giving the signals prescribed by statute.'' *Chicago, etc., R. R. Co.* v. *Boggs, supra.*

It is only where the facts are undisputed, and where but one legitimate inference can be fairly drawn from them, that the court is authorized to take the question away from the jury. Even though the facts be undisputed, if they are of such character as that different men might reasonably and fairly base upon them different conclusions, then the determination of the question is for the jury. *Citizens' Street R. R. Co.* v. *Spahr,* 7 Ind. App. 23, 33 N. E. Rep. 446, and cases there cited; *Cincinnati, etc., R. W. Co.* v. *Grames,* 8 Ind. App. 112, 34 N. E. Rep. 613.

In accordance with this principle, and under the facts of this case, we think it was for the jury to determine whether or not appellee was in the exercise of due care, whether or not he was deceived and thrown off his guard by appellant's breach of duty, and whether or not he had a right to, and did, rely upon the false appearance of safety produced by appellant, and whether or not his failure to look and see during the four seconds of time in which he might have done so was contributory negligence.

It can not be said that, because he saw the train before he was actually on the track, he was therefore necessarily guilty of negligence in trying to cross. When a man is suddenly, without his own fault, confronted with an imminent peril by reason of another's fault, the law does not require from him the same coolness and wise determination which might otherwise be deemed necessary, and it is ordinarily for the jury to say whether he acted with due care when thus brought face to face with the

unexpected danger. *Louisville, etc., R. R. Co.* v. *Kelly,* 6 Ind. App. 545, 33 N. E. Rep. 1103; *Woolery, Admr.,* v. *Louisville, etc., R. W. Co.,* 107 Ind. 381; *Indianapolis, etc., R. R. Co.* v. *Stout, Admr.,* 53 Ind. 143.

The judgment is, therefore, affirmed, at appellant's costs.

Ross, J., concurs in the result, but not in all the reasoning.

Filed Nov. 10, 1893.