Chicago and Erie Railroad Company *v.* Zimmerman, Administratrix.

No. 1,514.

## THE CHICAGO AND ERIE RAILROAD COMPANY *v.* ZIMMERMAN, ADMINISTRATRIX.

INTERROGATORIES TO JURY.—*When Answers to Will Prevail Over General Verdict.*—Before answers to interrogatories will be held to override the general verdict, there must be an irreconcilable conflict between them and the general verdict.

SAME.—*Insufficiency of Answers to Overcome General Verdict.—Railroad. —Fire.*—That the answers to interrogatories, in an action against a railroad company for damages caused by fire negligently communicated to plaintiff's property by defendant's engines, are not sufficient to overcome the general verdict, see opinion.

VERDICT.—*Sufficiency of Evidence.—Railroad.—Fire.*—That the evidence is sufficient to support the verdict against the railroad company for damages by fire, see opinion.

From the Adams Circuit Court.

*O. Gresham, R. K. Erwin* and *J. F. Mann,* for appellant.

*J. W. Teeple,* for appellee.

REINHARD, J.—Action by the appellee against the appellant for damages on account of fire escaping from appellant's locomotive engine on its railroad running through appellee's land.

Trial by jury and verdict and judgment for the appellee.

The appellant's counsel group their objections under three heads, viz:

1. The court erred in overruling appellant's motion for judgment in its favor upon the interrogatories and answers thereto, propounded to and answered by the jury.

2. The evidence is not sufficient to warrant a verdict in favor of appellee, and a judgment upon that verdict.

3. The answers to interrogatories Nos. 1, 2, 3, 4, 6, 7, 8, 9, 13 and 14 are not sustained by the evidence.

Following the order in which the appellant's counsel discuss these alleged errors, we will first notice the point that the answers to interrogatories are such as entitle the appellant to a judgment.

Nothing is better settled than the rule that before the answers to interrogatories will be held to override the general verdict, there must be an irreconcilable conflict between such answers and the general verdict. If there is such an irreconcilable repugnancy, however, the general verdict must go down. It is insisted that the answers to the interrogatories establish the fact that the appellee has failed to prove some of the material allegations of her complaint.

The negligence alleged in the first paragraph of the complaint is that the appellant, on the first day of August, 1893, on its right of way adjoining appellee's farm, "negligently and wrongfully ran its locomotives and trains of cars on their said right of way adjoining the aforesaid premises of the plaintiff, on said day, while defendant was operating her said road upon the aforesaid right of way, and running its locomotives on said right of way adjoining the lands of said plaintiff; that said locomotives were defective, and did not have proper spark arresters, and that coals of fire were negligently dropped and thrown from its locomotives onto the aforesaid lands of the plaintiff, which set fire to the fence and grass of this plaintiff on said lands; that the said defendant negligently and carelessly permitted the fire started as aforesaid to run into his hay, grasses, and among his fruit trees and into his fences, which fire destroyed, by burning, one hundred and thirty-three rods of fence," etc., "all of which happened and occurred without the fault or negligence on the part of the plaintiff," etc.

The verdict of the jury was expressly based on the first

paragraph of the complaint, and we need not, therefore, look to the second paragraph for an averment of negligence.

The jury, in their answers to interrogatories, found, in substance, that there was no evidence to show that all the engines of the appellant passing over its road through appellee's land on the first day of August, 1893, were equipped with proper spark arresters, and that there was "no reliable evidence" to show that spark arresters upon such engines were on said day in good condition, unbroken and in good repair. They further found that the engine passing over the road on the afternoon of the first day of August, 1893, "*was defective or improperly managed.*" They also found that the appellant was negligent "by operating their engines in such a way as to allow them to throw fire off the right of way."

We think appellant's counsel are in error in assuming that the only negligence charged in the first paragraph of the complaint is that of operating the train with a defective spark arrester. There is, at least, a general allegation that the appellant negligently ran its engines and trains on the right of way near appellee's farm, and that it carelessly and negligently suffered coals and sparks of fire to escape from its locomotive engines, etc. Granting, however, that the sole charge of negligence consists in the averment that the engines were not provided with proper spark arresters, we yet think there is no such conflict between the answers to the interrogatories and the general verdict as can not be reconciled. In the absence of the interrogatories and answers thereto, the general verdict includes a finding that the engines were not provided with suitable and necessary spark arresters, as charged in the complaint. The finding that "there was no evidence" that such engines were equipped with proper spark arresters and that "there was no reliable

evidence'' that the spark arresters were in good condition is not only not in conflict with the implied finding of the general verdict, but is strongly in support of the same. Had the jury found that the engines were provided with suitable and necessary spark arresters, and that they were in good condition on the day of the fire, there might be some ground for the contention that there is a conflict between the answers and the general verdict. For aught that is found in these answers there may have been an abundance of evidence, and the jury may have very properly concluded that the appellant's engines were defective in the particular charged in the complaint. The facts that ''there was no evidence'' that the engines had proper spark arresters and ''no reliable evidence'' that the spark arresters were in good condition, certainly do not show that the appellant's engines were provided with these safeguards, and that they were in sound condition on the day of the fire. But, unless they do show these facts, they are not in conflict with the general verdict, for the latter necessarily involves a finding that the engines were defective in this respect.

In the 13th interrogatory the jury were required, if they found the appellant was negligent, and that its negligence caused the appellee's damage, to state specifically wherein the appellant was negligent, whether in operating defective machinery or in negligently operating the machinery, and the particulars of the negligence. In answer to this interrogatory the jury stated: ''By operating their engines in such a way as to allow them to throw fire off the right of way.''

We think this finding is in support of the averment in the first paragraph of the complaint, that the appellant negligently ran its engines and trains on the right of way, and that it carelessly and negligently suffered coals and sparks of fire to escape from its engines.

The negligence charged was not confined to the absence of proper spark arresters. It was not necessary, therefore, that the facts found should be limited to this single act of negligence. The appellant may have been negligent in both respects; that is to say, in not having its engines equipped with suitable spark arresters and in operating them so negligently as to suffer them to emit coals and sparks of fire from which the injury complained of resulted.

The remaining grounds upon which a reversal is asked have reference to the sufficiency of the evidence to support the general verdict, and also some of the jury's answers to interrogatories. As we have seen, the complaint is not predicated upon any averments of negligence save in the negligent operation of the engines and the failure to use appropriate spark arresters. There is no averment that appellant negligently suffered combustible material to accumulate on the right of way, or that it negligently suffered the fire to escape from such right of way. There was some evidence from which the jury had a right to find that the fire was caused by sparks emitted from the appellant's engine or engines, and that such engines were not supplied with suitable spark arresters and were negligently operated. It is true the evidence is mostly circumstantial, such as that fires frequently occurred about the time of the fire for which the damages were awarded, and that such fires were due to the emission of sparks and coals from appellant's engines; that the appellant had one engine about this time the spark arrester of which was not in good condition; that the fire complained of broke out shortly after appellant's engine passed through appellee's land over appellant's track, etc.

While the evidence is not at all satisfactory, we can not say that there is a total failure of proof on any ma-

terial point found by the jury. The appellant relies upon the case of *New York, etc., R. R. Co.* v. *Baltz,* 141 Ind. 661. In that case, however, the evidence was uncontradicted, either directly or by circumstances, that the engines were provided with the most approved and best known spark arresters, in good condition and properly operated by competent engineers. The court held that the mere fact that the fire was caused by sparks emitted from the company's engine did not of itself render it liable for the loss in the absence of some proof of negligence on the part of the railroad company.

We have already seen that the jury in the present case was not without some evidence tending to prove the negligence charged in the complaint. Without specifying the answers to interrogatories, which the appellant's counsel insist were not proved, it is sufficient to say that in our opinion there was evidence to sustain both the general verdict and all the answers to interrogatories.

Judgment affirmed.

Ross, J., dissents.

Filed May 15, 1895.