CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* GILMORE.

[No. 2,866. Filed June 7, 1899.]

RAILROADS.—*Fires.—Special Verdict.—Conflict with General Verdict.*—An answer to an interrogatory in an action against a railroad company for damages on account of fire escaping from defendant's locomotive, to the effect that the spark-arrester on the locomotive which set out the fire was of the most approved kind is not inconsistent with a general verdict for plaintiff, where it was further found that there was no evidence that the spark-arrester was in good repair, and that sparks of an unusually large size were emitted through it. *pp. 467, 468.*

SAME.—*Fires.—Evidence.—Instructions.*—In the trial of an action against a railroad company for damages caused by fire escaping from defendant's locomotive, on account of a defective spark-arrester, it was improper for the jury to consider evidence as to fires set out by other locomotives, before the one complained of, in determining whether the particular locomotive which set out the fire was improperly or negligently constructed, or in improper repair, and the jury should have been so instructed when requested. *pp. 468-470.*

From the Newton Circuit Court. *Reversed.*

*E. C. Field, W. S. Kinnan* and *Cummings & Darroch,* for appellant.

*Frank Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellee.

BLACK, J.—The appellant was sued by the appellee for damages for injury and destruction of his property by fire. It was stated in the complaint that the appellant, in running its locomotive engines on its railroad, carelessly and negligently omitted to use spark-arresters or proper appliances to prevent the emisison of sparks from said locomotives, but used spark-arresters which were worn and defective, and which contained holes through which large coals of fire and sparks were emitted, and permitted to escape, and which did escape on account of the appellant's using said engines, the spark-arresters of which were permitted to become out of repair as aforesaid; which said sparks and coals of fire so escaping and being permitted to escape were carried thence into the air, and fell in the dry grass on premises adjacent to the right of way of the appellant, which premises on which they fell are just north of, and contiguous to, the premises of the appellee, and they at once ignited into a flame of fire in said grass, and said fire then spread from the premises where it was so ignited to the premises of the appellee, etc. The answer was a general denial. There was a general verdict for the appellee for $600, the jury returning also answers to interrogatories submitted to them.

In the action of the court in overruling the appellant's motion for judgment in its favor upon the answers to interrogatories, we think there was no error. One of the answers was to the effect that the spark-arrester of the engine which set out the fire was of the most approved kind. It is insisted that this answer was inconsistent with the general verdict. But it was immediately succeeded by interrogatories and answers as follows: Question four. "Was the spark-arrester in said engine in good repair?" Answer. "No;

no evidence that it was in good repair on that day." Question five. "If you answer interrogatory number four in the negative, state specifically wherein said spark-arrester was out of repair." Answer. "It emitted sparks of an unusual large size." The jury thus found specially that the spark-arrester was not in good repair, and stated evidence tending to establish that fact, and said there was no evidence that it was in good repair. If all the references of the jury to evidence be disregarded, still it remains manifest that the jury intended to indicate that their verdict, in which every material fact was found for the appellee, was based, not upon inferiority of the kind of spark-arrester, but upon its defectiveness through want of good repair.

The appellant's motion for a new trial was overruled.

The appellant requested, and the court refused to give certain instructions which have been brought to our notice in argument. It was specially found by the jury that the fire which destroyed the appellee's property was started outside the right of way by sparks emitted from engine number 109, drawing the appellant's regular passenger train, at about 3:15 p. m. on the 26th of September, 1897. There was evidence of a number of fires along the appellant's line, occurring at various times before the fire in issue; and there was evidence tending to prove that at the times when some of these fires occurred, engine number 109 was in the repair shops undergoing a general overhauling and repairing.

In the instructions asked and refused, referred to above, the court was asked to instruct, in substance, that if the jury should find from the evidence that the fire which burned the appellee's property was set out by engine number 109, they should not consider evidence of other fires before the one complained of set out by other engines, in determining whether the particular engine which set out the fire complained of was improperly or negligently constructed, improperly handled, or in improper repair, but should disregard such evidence of other fires not set out by engine number

109.  In the instructions given there was none equivalent to these rejected, but the instructions given were of a contrary tendency.   Though it be shown that the particular engine which caused the fire was equipped with a spark-arrester of an approved kind, the jury may find that the engine was defective at the time, or was negligently managed, upon evidence that it had thrown sparks to a greater distance, or in larger volume, or coals of larger size, than an engine in good order and properly managed could throw; or, if the particular engine is not identified, the plaintiff may prove that all the defendant's engines habitually threw sparks or scattered fire to a dangerous extent.  Shearm. & Redf. Neg., section 676.   See *Patton* v. *St. Louis, etc., R. Co.,* 87 Mo. 117; *Loring* v. *Worcester, etc., R. Co.,* 131 Mass. 469; *Jacksonville, etc., R. Co.* v. *Peninsular, etc., Co.,* 27 Fla. 1, 9 South. 661, 17 L. R. A. 33; *Thatcher* v. *Maine Central R. Co.,* 85 Me. 502, 27 Atl. 519; *Evansville, etc., R. Co.* v. *Keith,* 8 Ind. App. 57; *Chicago, etc., R. Co.* v. *Kreig, ante,* 393.

Where the evidence shows that the fire may have been caused by sparks from an engine unknown and unidentified, or from one of several engines, some of which are unknown and unidentified, it is competent for the plaintiff to prove that the defendant's locomotives generally, or many of them, at or about the time of the ocurrence in issue, threw sparks of unusual size and kindled numerous fires on that part of the line; but such proof should be confined exclusively to occurrences at or about the time of the fire, with such reasonable latitude as to render the proof practicable.  *Henderson* v. *Philadelphia, etc., R. Co.,* 144 Pa. St. 461, 22 Atl. 851, 16 L. R. A. 299.  In Shearm. & Redf. Neg., section 675, it is said, that "when the particular engine which caused the fire cannot be fully identified, evidence that sparks and burning coals were frequently dropped by engines passing on the same road upon other occasions, at or about the time of the fire, before or after, is relevant and competent to show habit-

ual negligence, and to make it probable that the plaintiff's injury proceeded from the same cause. It is not relevant for any other purpose." See, also, *Inman* v. *Elberton, etc., R. Co.*, 90 Ga. 663, 16 S. E. 958; *Gowen* v. *Glaser*, (Pa.) 10 Atl. 417; *Davidson* v. *St. Paul, etc., R. Co.*, 34 Minn. 51, 24 N. W. 324; *Henderson* v. *Philadelphia, etc., R. Co.*, *supra*. Where a particular engine is identified as the one which caused the fire for which the action is brought, evidence that the same engine caused other fires about the same time is admissible, and may be considered by the jury as tending to prove the defective condition, or the improper management of that engine at the time it set out the fire in issue; but in such case other fires set out by other engines are collateral matters, and evidence thereof can not be considered by the jury as tending to show the improper construction or imperfect condition of such particular engine or the bad management thereof, and therefore such evidence should not be given any influence in the determination of the jury in such a case. It may frequently happen that the plaintiff in such an action is unable, either in pleading or by his evidence, to designate and prove the particular engine which caused the fire; and therefore there may often be evidence properly introduced by the plaintiff of different fires caused by different engines, and yet the whole evidence may so clearly identify the particular engine that the jury may designate it, as in the answers to interrogatories in this case. Where the evidence has developed such a case, it is error for the court to refuse properly to instruct the jury concerning such evidence of other fires caused by other engines, so properly admitted. See *Jacksonville, etc., R. Co.* v. *Peninsular, etc., Co.*, 27 Fla. 1, 9 South. 661, 17 L. R. A. 33; *Glaser* v. *Lewis*, 17 Phila. 345; *Ireland* v. *Cincinnati, etc., R. Co.*, 79 Mich. 163, 44 N. W. 426; *Nelson* v. *Chicago, etc., R. Co.*, 35 Minn. 170, 28 N. W. 215; *Coale* v. *Hannibal, etc., R. Co.*, 60 Mo. 227; *Lester* v. *Kansas City, etc., R. Co.*, 60 Mo. 265; *Haseltine* v. *Concord R. Co.*, 64 N. H.

545, 15 Atl. 143; *Gibbons* v. *Wisconsin, etc., R. Co.,* 58 Wis. 335, 17 N. W. 132; *Henderson* v. *Philadelphia, etc., R. Co., supra;* Elliott on Railroads, section 1243, note.

The judgment is reversed, and the cause is remanded for a new trial.