IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1905, AND MAY
TERM, 1906, IN THE NINETIETH YEAR OF
THE STATE.

---

## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* LOOS.

[No. 5,409. Filed May 11, 1906.]

EVIDENCE.—*Railroads.—Setting Fires.—Other Fires.*—Where the
court, in an action against a railroad company for negligently
setting fires, admitted in evidence, over defendant's objection,
the question: "You may state, Mr. Dare, what you observed,
if anything, on mornings prior to April 12 at the time of
the passage north of this through train," and the answer: "I
have observed they were blowing a good many sparks, and they
set the grass afire and the shed of the old distillery this side of
the cattle pens several times, and I went up there several times
and put it out, and it was a precaution in dry weather that we
follow the train up morning and evening," and defendant moved
unsuccessfully to strike out, because irresponsive, the following
part of the answer: "It was a precaution in dry weather that
we follow the train up," it was held: Comstock, J., it was re-
versible error to overrule the motion to strike out such evidence;
Roby, C. J., it was not reversible error to overrule the motion to
strike out such evidence; Robinson and Wiley, JJ., it was error
to admit such evidence; Comstock, Wiley and Myers, JJ., it was
error to admit evidence of fires set by different engines at other
times and places; Roby, C. J., the evidence admitted was proper
for the purpose of showing notice to the defendant of the danger,
from sparks, to adjoining property, and being competent for
one purpose, was properly admitted.

From Franklin Circuit Court; *Ferdinand S. Swift,*
Judge.

Action by Albert Loos against the Cleveland, Cincinnati,
Chicago & St. Louis Railway Company. From a judgment
for plaintiff, defendant appeals. *Reversed.*

Cleveland, etc., R. Co. *v.* Loos—38 Ind. App. 1.

*Florea & Broaddus,* for appellant.

*Martin J. Givan, Edgar O'Hair* and *James M. Benson,* for appellee.

COMSTOCK, J.—Appellee brought this action against appellant to recover damages alleged to have been occasioned by the negligent escape of fire from a certain locomotive of appellant's in passing a certain slaughterhouse and stock pens situate near the track of appellant. The cause was put at issue and tried before a jury which returned a verdict in favor of appellee for $1,200. The jury also returned answers to interrogatories. Over appellant's motion for judgment in its favor on answers to interrogatories notwithstanding the general verdict, and its motion for a new trial, judgment was rendered in favor of appellee on the verdict for the amount named therein. Appellant relies for reversal, as stated in its brief, upon the rulings of the court upon said two motions.

As to the action of the court in overruling the motion for judgment on answers to interrogatories we need only refer to the settled rule that answers to interrogatories will prevail over the general verdict only when there is an irreconcilable conflict between them. The interrogatories and answers are not numerous and we give them.

"(1) Was not the engine of the defendant which is alleged to have caused the fire that burned the plaintiff's property described in the complaint known as 102 ? A. Yes. (2) Was not said engine provided with a spark-arrester of the best approved kind or equal to the best in use ? A. No. (3) Was not the spark-arrester on the engine of the defendant which is claimed to have started the fire of the most approved style and the best known or equal to the best, for the prevention of the escape of fire ? A. We do not know. (4) Was the spark-arrester on the engine claimed to have fired the plaintiff's property in good repair ? A. We do not know. (5) If you answer 'No' to interrogatory No. 4, state specifically wherein the spark-

Cleveland, etc., R. Co. v. Loos—38 Ind. App. 1.

arrester was out of repair. A. ——————. (6) Was not the engine claimed to have fired the plaintiff's property and going through West Harrison, Indiana, properly operated by a skilled engineer? A. No. (7) If you answer 'No' to question No. 6, state specifically wherein the engine was not properly operated. A. The engine was run at a high and dangerous rate of speed. (8) Was not the engineer in charge of engine at. the time of the fire a skilled engineer? A. No. (9) If you answer 'No' to question No. 8, state specifically wherein said engineer was not skilled. A. The engineer run his engine No. 102 out of Harrison, Ohio, April 12, 1903, at a high and dangerous rate of speed and did not shut draft off engine in passing cattle sheds. (10) Did not the fire originate off of the defendant's right of way? A. It did."

There is a failure to answer some of these interrogatories. Some of the answers are inconsistent with others. This does not make the irreconcilable conflict contemplated by the statute, and so the general verdict should stand.

Appellant complains of the action of the court in refusing to require the jury to answer definitely interrogatories three, four and five. "It is the duty of the court, expressed in numerous decisions of the Supreme Court, to require a jury to give definite and specific answers to interrogatories when the evidence will warrant it." *Hammond, etc., R. Co.* v. *Spyzchalski* (1897), 17 Ind. App. 7, 20, and cases cited; *Hallwood Cash Reg. Co.* v. *Dailey* (1905), 70 Kan. 620, 79 Pac. 158. There was evidence before the jury to warrant answering definitely the foregoing questions, and it was therefore error not to require them to do so.

Appellee insists that the refusal of the court is not available error, because the answers to other interrogatories are such as to prevent recovery by the complaining party; citing, *Wolf* v. *Big Creek Stone Co.* (1897), 148 Ind. 317; *Grand Rapids, etc., R. Co.* v. *Cox* (1893), 8 Ind. App. 29.

We gather from the opinion in the first-named case that answers were returned to three interrogatories, and that one of the reasons for a new trial was based upon an instruction directing the jury to return more definite answers to these interrogatories. The court say: "Whether there was error in this we need not inquire, for the reason that even if the three answers were to be taken as originally returned, as appellants contend they ought to be, yet such answers, together with the remaining answers, over two hundred in number, would show such a state of facts as must preclude any recovery by appellant."

And in the case of *Grand Rapids, etc., R. Co.* v. *Cox, supra,* the court say: "Where the answers to interrogatories refused could not have controlled the general verdict, there is no available error in refusing them." We can not say that the answers to the interrogatories before us might not have controlled the general verdict. We can not say what answers the jury may return to interrogatories, further than that they would be governed by the evidence, nor how such answers may influence the individual juror. When particular facts, entering into the general verdict are shown, by answers to interrogatories, the inconsistency between the facts thus specially found and the general verdict may be so apparent that jurors will be unwilling to assume the responsibility of such inconsistency. The evidence, without contradiction, shows that the spark-arrester was equal to the best device in use to prevent the escape of fire and in perfect order. The engineer, a man of large experience, testified that he knew nothing that could have been done, more than was done, to prevent the throwing of fire, and at the same time practically operate the train.

George Blaicher testified in behalf of appellee as to the burning of the property. Upon cross-examination appellant asked him the following question: "Well now, don't you know, George, that it was rumored around there that you started that fire?" Plaintiff's objection to the question

Cleveland, etc., R. Co. *v.* Loos—38 Ind. App. 1.

was sustained. The defendant then asked the following: "I will ask you to state to the jury, George, if you have not heard the charge that you were in there and started that fire." Plaintiff's objection to the question was sustained, and the defendant then offered to prove that the witness, soon after the fire, was informed that it was rumored that he had set the building on fire. The court still sustained the objection. In this ruling of the court we think there was no error.

Plaintiff introduced a witness—Charles Dare—and, for the purpose of proving facts from which the inference might be drawn that the spark-arrester of the engine in question was out of repair, showed by the witness that at the time this particular train and engine passed his mill, situate just north of the depot at Harrison, he was standing in the ware-room of the mill, which is located next to the railroad and is covered with a tin roof. Plaintiff next asked the witness the following question: "You may state, Mr. Dare, what you observed, if anything, on mornings prior to April 12 at the time of the passage north of this through train." Defendant objected to the question on the ground that it was not shown that upon other mornings this same engine was pulling the train referred to in the question. Objection was overruled and the witness answered: "I have observed they were blowing a good many sparks, and they set the grass afire and the shed of the old distillery this side of the cattle pens several times, and I went up there several times and put it out, and it was a precaution in dry weather that we follow the train up morning and evening." Defendant moved to strike out that part of the answer of witness to the question in which he said, they took the precaution in dry weather to follow the train up, for the reason that it was not responsive to the question. The motion was overruled. This was error. If the fire in question was set by any locomotive of the appellant company, its loco-

motive No. 102 was clearly identified as the one at fault. Under such circumstances it was competent to show that the same locomotive, on the same trip, at about the same time and place, set other fires in its passage, as raising an inference of some weight that there was something defective in its construction and management. *Patton* v. *St. Louis, etc., R. Co.* (1885), 87 Mo. 117, 56 Am. Rep. 446. But where it is shown that a particular engine set fire to property, it is not competent to show generally that the defendant's engines have caused fires at other times and places. *Ireland* v. *Cincinnati, etc., R. Co.* (1890), 79 Mich. 163, 44 N. W. 426; *Jacksonville, etc., R. Co.* v. *Peninsular Land, etc., Co.* (1891), 27 Fla. 1, 9 South. 661, 17 L. R. A. 33; *Chicago, etc., R. Co.* v. *Gilmore* (1899), 22 Ind. App. 466, and cases cited. The reported cases are not in accord upon this question, but *Chicago, etc., R. Co.* v. *Gilmore, supra,* is the latest expression in this State. The motion to strike out the part of the above answer should have been sustained. It was not responsive and would not have been admissible even if responsive.

The various paragraphs of the complaint are upon the theory of the insufficiency or want of repair of a spark-arrester on appellant's locomotive. Certain instructions given by the court involve the question of the negligent operation of the engine irrespective of the insufficiency or want of repair of the spark-arrester. Such instructions were outside the issues. The recovery, if at all; should be upon the negligence alleged in the complaint.

We do not deem it necessary to consider other alleged errors. We express no opinion as to the merits of the case. For the errors stated the judgment is reversed, with instructions to sustain the motion for a new trial.

Black, P. J., absent.

ROBINSON, J.—I do not agree with the opinion so far as it holds that there was error in the court's refusal to require more definite answers to the interrogatories. But

the judgment should be reversed because of the admission of the evidence mentioned in the opinion.

MYERS, J.—The admission of the evidence as to fires caused by other engines than the one averred in the complaint at other times and places was improper, and for this reason alone I think the case should be reversed.

WILEY, J.—I concur in the conclusion upon the ground stated by Robinson and Myers, JJ.

Roby, C. J., dissents.

## DISSENTING OPINION.

ROBY, C. J.—Appellee sued to recover damages on account of the destruction by fire of certain buildings in the town of West Harrison. The complaint was in three paragraphs, and the issue was formed by a general denial; verdict for $1,200 returned with answers to interrogatories; motions by appellant for judgment, notwithstanding the general verdict and for a new trial, overruled and judgment rendered on the verdict.

The fire in question was averred to have been negligently set by sparks from an engine attached to one of appellant's through passenger-trains, on April 12, 1902. The complaint, in my judgment, contains a charge of negligence other than in failing to furnish a sufficient spark-arrester. The failure to furnish such spark-arrester is unquestionably averred. In instruction six, given at appellant's request, it was stated: "The plaintiff has alleged two specific acts of negligence in the operation of its locomotive, viz., that the spark-arrester was insufficient and out of repair, and that the locomotive was run up grade at a high and dangerous rate of speed."

In instruction number four, given at appellee's request, the jury was told, among other things, that if "plaintiff's property was destroyed by fire, which was caused by the negligence of the defendant railroad company, either in negligently and recklessly operating its locomotive engine,

or in negligently failing to have its engine equipped and provided with the proper spark-arrester," it might find for the plaintiff. It is evident that the cause was tried upon the theory that the engine was negligently operated in view of the conditions which existed.

In the second paragraph of the complaint it is averred that on said day plaintiff was in possession of a certain building and cattle pens situate in the town of West Harrison; that said building was covered with a shingle roof, the gable end fronting the track of defendant's railroad and situate a distance of thirty feet from it; that said pens were covered with a board roof, joined said building, and were situate a distance of four or five feet from said track; that on said day, by its agents in charge of its through passenger-train, running from Cincinnati to Ft. Wayne, in running its engine and train from the railroad station in said town, at which said train had stopped, it negligently operated said engine attached to said train in passing from said station in said town, through said town, without having a sufficient spark-arrester on the engine; "that said defendant, by its agents in charge of said engine and said passenger-train, did carelessly, recklessly and negligently, in the operation of said engine and through passenger-train, cause said engine to reach a high and dangerous rate of speed, to wit, forty-five miles per hour, within a short distance of said railroad station, in said town, after starting therefrom, and while within the corporate limits of said town; that from said railroad station aforesaid to the premises occupied by plaintiff is an up grade and a distance of a quarter of a mile, and that said defendant, by its agents in charge of said locomotive engine and through train, did recklessly, carelessly and negligently cause said engine and through train to pass the premises occupied by said plaintiff at such high and dangerous rate of speed so that by reason of the reckless, careless and negligent operation of said engine by said agents in charge thereof said engine, by reason of its having

no sufficient spark-arrester, emitted and threw out large sparks and coals of fire, which live sparks and coals of fire so emitted and thrown out by said engine fell upon the board roof of said cattle pens; * * * that said fire was caused and said cattle pens and buildings wholly burned up and destroyed by reason of the reckless, careless and negligent operation of said engine attached to said through passenger-train, in passing from said railroad station in said town of West Harrison, through said town, by said defendant." The statement "that said engine, by reason of its having no sufficient spark-arrester, emitted and threw out large sparks and coals of fire" is, in my opinion, to be taken as additional to the charge of negligent operation and not as limiting the theory of the complaint to the charge of failing to provide a sufficient spark-arrester. I think this proposition is conclusively established by the case of *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701. See *Chicago, etc., R. Co.* v. *Zimmerman* (1895), 12 Ind. App. 504, 506; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574. Under the authority of the case last cited, there being an averment of negligence in emitting and throwing out sparks and coals of fire, the complaint is sufficient upon the theory of such alleged negligent operation.

The main opinion holds that the judgment should be reversed on account of the action of the court in refusing to require the jury to answer more definitely interrogatories three and five. They were directed to the style, quality and repair of the spark-arrester. They were answered: "We do not know." Had such interrogatories been answered in the affirmative, exactly as appellant contended they should have been, the effect would have been nullified by interrogatory two, and its answer, which was as follows: "Was said engine provided with a spark-arrester of the best approved kind, or equal to the best in use? A. No." *Chicago, etc., R. Co.* v. *Gilmore* (1899), 22 Ind.

App. 466. Waiving the inconsistent answers, there was no error in the action of the court, the general verdict establishing negligence in the operation of the train, and there being nothing in the interrogatories and their answers tending to negative such alleged negligence. The refusal to require more definite answers is not, therefore, available, they being in any event ineffective to overthrow the general verdict. *Grand Rapids, etc., R. Co.* v. *Cox* (1893), 8 Ind. App. 29; *Wolf* v. *Big Creek Stone Co.* (1897), 148 Ind. 317.

The witness Dare testified that he was in his mill, about five blocks south of the buildings destroyed, on the morning in question; that he heard the train pass; that the exhaust seemed to be heavy from the engine; that the roof on the warehouse was of tin; that he heard cinders falling upon it very distinctly, which was a matter of daily occurrence. He was asked what he had "observed, if anything, on mornings prior to April 12, at the time of the passage north of this through train." An objection was made to this question on the ground that it was not shown that upon other mornings this same engine was pulling the train referred to in the question. The objection was overruled, and the witness answered: "I have observed that they were blowing a good many sparks, and they set the grass afire and the shed of the old distillery this side of the cattle pens several times, and I went up there several times and put it out, and it was a precaution in dry weather that we follow the train up morning and evening." A motion to strike out the last sentence, as not being responsive to the question, was overruled. I think it should have been sustained, but I do not think that the error was a reversible one. The quality of appellant's acts in the operation of its engine, as being negligent or not, was dependent upon the existing conditions known to it. The evidence sought to be elicited by the question under consideration was admissible, as tending to show notice to the defendant of the danger to adjoining

property, caused by fire thrown from its locomotive leaving the station and running up grade at its schedule rate, past the mill and building destroyed. *Pittsburgh, etc., R. Co. v. Indiana Horseshoe Co.* (1900), 154 Ind. 322; *Wabash R. Co. v. Miller* (1902), 158 Ind. 174; 2 Thompson, Negligence (2d ed.), §2373. The cases in which defendant's knowledge of facts and conditions, implied from prior occurrences and conditions, was relied upon as the basis of an action are numerous. *Hopkins v. Boyd* (1897), 18 Ind. App. 63; *City of Goshen v. England* (1889), 119 Ind. 368, 5 L. R. A. 253; *Ramsey v. Rushville, etc., Gravel Road Co.* (1882), 81 Ind. 394; *Cleveland, etc., R. Co. v. Wynant* (1887), 114 Ind. 525, 5 Am. St. 644; *City of LaFayette v. Weaver* (1884), 92 Ind. 477. The evidence being admissible for one purpose there was no error in overruling the objection to it. There are other grounds upon which it was admissible, but in a dissenting opinion it does not seem worth while to elaborate them. See *Evansville, etc., R. Co. v. Keith* (1893), 8 Ind. App. 57; *Grand Trunk R. Co. v. Richardson* (1875), 91 U. S. 454, 23 L. Ed. 356.

I dissent from the decision.