JOHN HANDYSIDE, Appellant, v. JOHN CAMERON, Appellee.

APPEAL FROM PEORIA COUNTY COURT.

One man may authorize another to sign his name, or make his mark, and he will be bound by it.

THIS was an action of assumpsit brought by the plaintiff, John Handyside, to the March term of the Peoria County Court, A. D. 1858, against John Cameron, the defendant, to recover the price of four yoke of work oxen, alleged to be of the value of $400.

The declaration contained one special count, and usual common counts. The first count states, in substance, that the defendant, on the 31st day of October, A. D. 1857, at Peoria, bought of the plaintiff four yoke of oxen, at one hundred dollars per yoke.

Defendant pleaded the general issue, upon which plaintiff took issue to the country.

The defendant also filed two special pleas, upon which issue was joined.

At the August term, A. D. 1858, of said court, a trial of said cause was had by a jury, and verdict rendered against the defendant for the sum of two hundred and fifty dollars. From which this appeal is taken.

Upon the trial of the cause, the plaintiff introduced *Charles D. Eaton*, who testified that in the month of December, A. D.

1857, the plaintiff sold to defendant four yoke of work oxen, and that he saw defendant take away said oxen; and that he did not know what defendant agreed to give for said cattle; but that they were worth about one hundred dollars per yoke.

And the plaintiff then rested.

Whereupon the defendant introduced one *William Cameron*, as a witness, who testified that he was present when the defendant purchased said oxen from plaintiff. That the defendant bought four yoke of cattle from plaintiff, and gave plaintiff two notes on John and Jonathan Sowards, one for $65, the other for $260, both bearing date 12th October, 1857, due one year after date; and one note on the plaintiff for $26, amounting, interest and all, to $30, which, together with seven dollars in money, the plaintiff then and there received in full for all of said oxen.

That said plaintiff at that time asked said defendant how it was that both the names of John and Jonathan Sowards, were in the same hand-writing, and defendant told the plaintiff that John Sowards, who is the son of Jonathan Sowards, told his brother-in-law, George Schalenberger, to sign his name and also the old man's, Jonathan Sowards, and that Jonathan Sowards was in the room at the time, and the said Schalenberger handed said notes after he had signed them according to request, to John Sowards, and that John Sowards read the notes aloud, and said that they were all right, and that the old man, Jonathan Sowards, was present.

There was other testimony of like effect.

The court then gave the following instructions on behalf of the plaintiff:

1st. That if the defendant gave the plaintiff notes on John and Jonathan Sowards, in payment for the cattle, and that plaintiff took the notes on the faith and belief that said notes were genuine, then if they believe, from the evidence, that Jonathan Sowards never signed his name to the said notes, nor directed Schalenberger to sign them for him, then such are and were not genuine, and the taking of said notes was no payment of said cattle.

2nd. The jury are instructed that to make a note genuine and valid, the signature must be in the hand-writing of the party executing it, or be executed by his mark.

To which said instructions, and the giving thereof, the said defendant excepted.

And the said defendant asked the court to give on his behalf, the following instructions, to wit:

1st. The court instructs the jury that where a person makes his mark, it is good even without an attesting witness.

2nd. If a person, who cannot write, consents that another person shall sign his name for him, and authorizes him to do so, and he does sign his name in the presence of the person authorizing it, it is good.

Both of which instructions the court refused to give, to which, and the refusal of each, the said defendant then and there excepted.

The defendant then and there moved the court° for a new trial, which motion was by the court overruled, and judgment was entered in accordance with the verdict.

INGERSOLL BROTHERS, for Appellant.

LINDSAY & FOWLER, for Appellee.

WALKER, J. Upon the trial the court at the instance of the plaintiff instructed the jury as follows:

" The jury are instructed that to make a note genuine and valid, the signature must be in the hand-writing of the party executing it, or be executed by his mark." And refused to give the following, asked by the defendant:

" 1st. The court instructs the jury that where a person makes his mark, it is good even without an attesting witness.

" 2nd. If a person, who cannot write, consents that another person shall sign his name for him, and authorizes him to do so, and he does sign his name in the presence of the person authorizing it, it is good."

To which decisions exceptions were taken. These decisions of the court below were all wrong. One man may authorize another to sign a note or other paper for him by parol, whether he can write his name or not. And if a note is so signed, with such authority, it is as much the principal's note as if signed with his own hand by writing his name in full or by placing his cross or other mark to the note. These are principles too familiar to require or even justify discussion.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*