## NICHOLAS POTTGIESER

### *vs.*

## JOHN DORN.

An instrument signed with the name, in the presence, and by the direction of one person, though by the hand of another, binds the former to the same extent as though the signature were his own.

Parol admissions by such person are competent for the purpose of showing that such instrument was signed *for* him.

*Dean vs. Leonard,* 9 *Minn.* 198, followed as to the effect of a negative pregnant in an answer.

This action was brought in the district court for Ramsey county to recover of the defendant the sum of $100, as a subscriber of that amount to the following contract:

"Whereas a negotiation is pending between Nicholas Pottgieser of Ramsey county and State of Minnesota, and the United States, for the sale to the United States of a site for a custom house or post office building for the city of St. Paul, in said county, on block eight of said city, at the crossing of Fifth and Wabashaw streets; and whereas the price demanded for said site by said Pottgieser is greater than the sum offered therefor, the latter being the sum of $12,000, as it is said, and whereas, we as property holders in the vicinity of the site aforesaid, are desirous of securing the location of the said custom house on said site, and are willing to subscribe something to effect such object, and towards making up the difference to said Pottgieser between the price offered as aforesaid, and that by him demanded; now therefore, if said Pottgieser will sell to the United

Pottgieser v. Dorn.

States for the price aforesaid the said site, and the said custom house is located thereon, we each, in consideration of these premises hereby agree to give and pay unto the said Nicholas Pottgieser the sums set opposite our several names to effect the object aforesaid within three months from the time when the erection of said building is com enced

St. Paul, Feb. 16, 1867.

| SUBSCRIBERS NAMES. | Amount. | Dollars. | Cents. |
|---|---|---|---|
| John Dorn, and others, 17. | | 100 | |

The complaint set forth the contract, alleged performance on the part of the plaintiff, and defendant's failure to pay his subscription. The answer denied each and every allegation of the complaint, and denied specially that defendant ever signed or delivered the agreement sued on. The cause was tried before the court, without a jury, who found as conclusions of fact: "That on or about the 16th day of February, A. D. 1867, at the said county of Ramsey, the said defendant John Dorn entered into, with said plaintiff, the contract set forth in said complaint; that said written contract was signed with the name of said defendant John Dorn, by the hand of said defendant's son, in the presence and by direction of said defendant, for the purpose of accomplishing the object contemplated in and by said contract, and delivered said contract so signed to said plaintiff; that said plaintiff received said contract, and relying upon the same, and the said several understandings therein, prior and subsequent thereto set forth, sold to the United States of America the piece of ground and site referred to in said contract, for the price named therein;

that said sale was made and consummated as follows: The said plaintiff by an agreement under seal with one Wm. A Spencer, conveyed said property in block eight, St. Paul proper, at the corner of Wabashaw and Fifth streets to said Spencer, upon condition that the same should be sold to the United States, as a site for a custom house and post office, and unless the said sale should be effected the said property should be reconveyed to said plaintiff; that said Spencer did effect said sale of said property to the United States for the purpose aforesaid, and the United States began the erection of a custom house and post office building thereon, more than three months prior to the demand made upon said defendant by said plaintiff to pay the sum set opposite his name, which said demand was made prior to the commencement of this action, and that said building has since been and is now in due course of erection; that said agreement with and conveyance to said Spencer, and conveyance to the United States by him were entered into and consummated on the part of said plaintiff in order to carry into effect, and fulfil the conditions imposed in said contract set forth in said complaint; that in and by said contract said defendant promised to pay said plaintiff $100, and that no part of the same has been paid."

As conclusions of law the court found: "That the said defendant bound himself by the contract signed as aforesaid, to the same extent as if he had written the signature himself; that the conveyance of the property in question by the plaintiff to Spencer and by Spencer to the United States, in connection with the said agreement between said plaintiff and Spencer, were equivalent to and of the same effect as a sale and conveyance of said property by said plaintiff directly to the United States; that said plaintiff has complied with all the provisions of the contract sued

Pottgieser v. Dorn.

on, and is entitled to judgment against said defendant as claimed in said complaint."

Exceptions were taken by the defendant during the progress of the trial to the reception of the contract between Pottgieser and Spencer, the deed from Pottgieser to Spencer, and the deed from Spencer to the United States in evidence; also to the evidence of certain statements made by him in relation to the location of the custom house, the benefit of such location to him, what he had to give Pottgieser, &c., which are commented upon in the opinion.

The defendant made a motion for a new trial, which was denied, and judgment entered for the plaintiff. The defendant appeals from the order denying a new trial, and from the judgment.

SMITH & GILMAN for Appellant.

BRISBIN & PALMER for Respondent.

*By the Court*—BERRY, J.—Without entering into details, we are of opinion that the judge below was warranted by the testimony in finding as a conclusion of fact, that the contract declared on was signed with the name of the defendant, by the hand of his son, in defendant's presence, and by his direction. And the conclusion of law, "that the said defendant bound himself by the contract, signed as aforesaid, to the same extent as if he had written the signature himself," is clearly correct. We are also of opinion that the conveyance of the land by Pottgieser to Spencer, made "only with the view and for the purpose of a sale thereof to the United States," (as it is expressed in the writings to have been understood by all parties,) such conveyance being made subject to a reconveyance in case the sale to the United States should not be effected—together

with the conveyance to the United States by Spencer, amounted substantially to a sale to the United States within the meaning of the contract upon which this action is founded. The important thing in this respect, was that the property should be sold to the United States, that the custom house might be located thereon to the anticipated benefit of the defendant's neighboring property. And this object was substantially accomplished in this case by the conveyance to the United States through Spencer, who so far as this action is concerned may properly be regarded as a mere conduit. In this view of the matter, there was no error in the admission of the deeds and the agreement respecting the conveyance. The parol admissions of the defendant were also properly received as having a tendency to prove that the contract declared on was signed *for* the defendant, and that he understood that he was liable thereon.

The contract declared on bound the defendant to pay his subscription in case Pottgieser should sell the property to the United States for $12,000, and as is stated in the contract, inasmuch as Pottgieser demanded more than $12,000, the object of the subscription was to secure to Pottgieser something towards making up the difference between that sum and the price demanded. Under these circumstances, t was of course not necessary for Pottgieser to sell for the precise sum of $12,000. He might within the spirit and meaning of the contract sell for that sum, or for less, though not for more. The sale for $12,000 or under, was then necessary to the plaintiff's recovery, and the defendant insists that the judgment cannot be supported because the plaintiff made no proof upon this point. Now the complaint alleges that Pottgieser sold for $12,000, while the only attempt in the answer to controvert this statement of

the complaint is by a general denial of each and every allegation of the complaint, and every part and portion thereof. No evidence was offered by the plaintiff as to the price for which Pottgieser sold the land, but we are of opinion that upon the pleadings it must be taken to have been admitted that the price was $12,000. The formal denial of the allegation of the complaint as to the price was a negative pregnant, and therefore bad, and insufficient, *Lynd vs. Picket*, 7 *Minn.* 194; *Dean vs. Leonard*, 9 *Minn.* 198.

The denial that the price was $12,000, left it to be inferred that it might have been $1 or more less than $12,000, which would have been a sufficient and substantial compliance with the requirements of the contract as price.

The denial being then insufficient, the allegation of the complaint stood admitted; there was no proper issue upon it, and it was unnecessary for the plaintiff to offer proof of it. Something is said in the defendant's brief aa to a "variance" between the contract offered in evidence, and that set up in the complaint, but we are not particularly informed in what the variance consists, and we discover none of importance.

. Judgment affirmed.