Croy v. Busenbark *et al.*

---

No. 7734.

CROY v. BUSENBARK ET AL.

AGENCY.—*Signing Recognizance for Another.*—Where A., by the authority and in the presence of B., signs B.'s name to a recognizance of bail for the stay of execution, such act is as binding upon B. as if he himself had signed it, and the signature so affixed is in legal contemplation in the handwriting of B.

REPLEVIN BAIL.—*Informality of Recognizance.*—As to sufficiency of form, see opinion.

From the Montgomery Circuit Court.

*W. H. Thompson, J. M. Thompson, R. C. Gregory* and *W. B. Gregory*, for appellant.

*B. T. Ristine* and *T. H. Ristine*, for appellees.

NIBLACK, C. J.—The complaint in this case represented that the defendant Emmons Busenbark, on the 26th day of April, 1875, recovered a judgment in the court below against one Squire Clark, for $863.90 ; that afterward, on the 28th day of June, 1875, Edwin Clark and William J. Krug became replevin bail for the payment of such judgment, and that at the same time some person unknown to, and without the consent of, the plaintiff, Frederick Croy, signed his name to the entry of replevin bail on such judgment as co-obligor with the said Edwin Clark and William

Croy *v.* Busenbark *et al.*

J. Krug ; that an execution had been issued on said judgment against the said Squire Clark, as the judgment debtor, and against the said Edwin Clark, William J. Krug and the plaintiff, as replevin bail, and placed in the hands of William J. Krug, as sheriff of Montgomery county, who was threatening to levy such execution on the property of the plaintiff. Wherefore the plaintiff prayed that the said Krug, as such sheriff, might be enjoined from levying such execution upon his property, and for other relief.

At the request of the plaintiff, the court made a special finding of the facts. The facts, as found by the court, may be stated as follows : That a judgment was rendered in the Montgomery Circuit Court, in favor of Emmons Busenbark and against Squire Clark, on the 26th day of April, 1875 ; that the defendant William J. Krug, as sheriff of Montgomery county, held, and had held since the 18th day of June, 1878, an execution on such judgment for the sum of $570.67, the balance due thereon ; that said Krug had levied said execution upon the real estate of the plaintiff, and was about to sell said real estate to satisfy said execution, and would do so unless enjoined by the court in this cause ; that after said judgment was rendered, to wit, on the 28th day of June, 1875, the said William J. Krug, Edwin Clark, and the plaintiff met together at the office of the clerk of the court rendering the judgment, when said clerk, by one James B. Crawford, his deputy, made the following entry on the lower margin of the record of said judgment, and at the proper place, to wit : "We, the undersigned, hereby acknowledge ourselves replevin bail for stay of execution on the above judgment for the payment of the same, together with interest and costs accrued and to accrue, June 28th, 1875 ;" that the said William J. Krug and Edwin Clark signed said entry of replevin bail, and the said Edwin Clark, in the presence and by the consent and direction of the plaintiff, signed the plaintiff's name to said entry of re-

plevin bail ; that said entry was then and there taken and approved by the said clerk in the following words, written opposite said signatures : "Taken and approved by me, J. M. Vance, Clerk. Attest, J. B. Crawford." That the plaintiff did not sign his name to said entry of replevin bail otherwise than as above stated ; that the plaintiff could not write his name and was accustomed to making his mark when he signed his name himself.

As a conclusion of law, the court held that the entry of replevin bail set out as above was valid against and binding upon the plaintiff, and that he was not entitled to the relief prayed for in his complaint. To this conclusion of law the plaintiff excepted, but, notwithstanding, the court rendered judgment thereon in favor of the defendants.

The only question presented here is, did the court err in its conclusion of law from the facts as found by it?

Section 421 of the code, 2 R. S. 1876, p. 202, which has reference to the recognizance of bail for the stay of execution, provides that " The recognizance shall be written immediately following the entry of the judgment, and signed by the bail."

The act in relation to the construction of statutes enacts that " The words ʻ written ' and ʻ in writing ' shall include printing, lithographing, or other mode of representing words and letters. But in all cases where the written signature of any person is required, the proper handwriting of such person or his mark shall be intended." 2 R. S. 1876, p. 315, section 1, clause 9.

The first point urged by the appellant, considered in its natural order, is, that, applying these provisions of the statutes to the facts as found by the court, he can not be held to have signed the recognizance of replevin bail in this case, within the meaning of such statutory provisions.

Story on Agency, page 57, section 51, while treating upon the general power of an agent to bind his principal by an instrument in writing, says : " For although a person can

not ordinarily sign a deed for and as the agent of another, without an authority given to him under seal; yet this is true only in the absence of the principal; for if the principal is present, and verbally or impliedly authorizes the agent to fix his name to the deed, it becomes the deed of the principal; and it is deemed, to all intents and purposes, as binding upon him, as if he had personally sealed and executed it. The distinction may seem nice and refined; but it proceeds upon the ground that, where the principal is present, the act of signing and sealing is to be deemed his personal act, as much as if he held the pen, and another person guided his hand and pressed it on the seal."

The rule thus announced by Story is founded in justice and well sustained by authority, and must be held to be decisive against the appellant upon the point urged by him as above. *Qui facit per alium, facit per se*, is a familiar maxim of the law, and where one person, being present, causes another to sign his name to a written instrument, the signature is, in legal contemplation, in his handwriting.

The next and only remaining point urged by the appellant is, that the entry of replevin bail set out in the special finding is inoperative, for want of sufficient form to bring it within the substantial provisions of the statute; but that objection is fully answered by the case of *The Vincennes National Bank* v. *Cockrum*, 64 Ind 229, in which a much more informal recognizance of replevin bail was held to be valid and binding upon those who signed it.

The judgment is affirmed, with costs.