Filed Sept. 27, 1892.

---

No. 625.

## CROW v. CARTER ET AL.

CONTRACT.—*Not Within Statute of Frauds.—Right of One Party to Sign for Another.*—In a written contract not within the statute of frauds the signature of a party sought to be bound thereby is not essential to its validity, but is simply evidence of its acceptance as such contract. Under such circumstances one of the parties may, at the direction and in

the other's presence, affix the latter's signature to the contract, and the act will be regarded as that of the party himself.

From the Grant Circuit Court.

*G. W. Harvey* and *A. De Wolf*, for appellant.

*H. Brownlee* and *H. J. Paulus*, for appellees.

REINHARD, C. J.—Action by the appellees against the appellant on a subscription paper, by which Crow promised to pay Carter one hundred dollars for the purpose of piping gas from a certain well to a point where it could be used by these parties and other citizens of the community. The contract was afterwards assigned by Carter to the appellees. There was an answer of *non est factum*. Upon trial in the court below the appellees recovered.

No question is made as to the consideration, nor is it denied by the appellant that he agreed to the contract as embodied in the written instrument declared upon. He admits that he authorized Carter to sign his name to the paper, but claims that such signature was invalid and not binding on him.

Numerous authorities are cited by appellant's learned counsel in support of the contention that an agency can not be assumed by one of two contracting parties for the other, and it is urged with considerable force and earnestness that these authorities declare that one of such contracting parties can not validly place the signature of the other to the contract, even at his request and in his presence. We have examined the authorities relied upon and our conclusion is they do not apply to a case like the one here presented. They have reference, almost entirely, to cases coming within the purview of the statute of frauds, and but express in different forms the familiar rule that where a written instrument is necessary to the validity of a contract, under the statute, one of the contracting parties may not be the other's agent, even for the purpose of signing the contract. No question arises here under the statute of frauds. The act of signing the

appellant's name was but a mechanical performance, and the appellant had a right to avail himself of the services of the appellee for that purpose, as much as he would that of a stamp or other instrument he might choose to employ. There is no pretence that Crow did not agree to the contract as stated in the instrument sued upon. The act of affixing the appellant's signature was not required to be done by some disinterested person as in the case of executing by an agent a contract under the statute of frauds. Here the signature was written in the presence and at the direction of the party to be charged, and where such is the case the act is regarded as that of the party himself. *Croy* v. *Busenbark*, 72 Ind. 48. The contract, moreover, was complete when the minds of the parties had met and accepted the instrument as embodying the terms of their agreement. The act of signing may be performed in many ways and be valid, and the instrument may be binding, if accepted by the parties, though not signed at all. Not so with respect to contracts that fall within the statute of frauds. These are required to be in writing and signed by the party to be charged therewith, " or by some person thereunto by him lawfully authorized." Section 4904, R. S. 1881, *et seq.* The signing of a contract not within the statute, such as the one in suit, is but an evidence of its acceptance as such contract, and the signature is not essential to its validity.

Judgment affirmed.

Crow having died before the date of submission, William Walker, his executor, was substituted as appellant, and it is adjudged that said executor pay the costs of this appeal out of the assets of said Crow's estate.

Filed Sept. 28, 1892.