No. 1,890.

## HUNTINGTON-WHITE LIME CO. *v.* MOCK.

PARTNERSHIP.—*Executing Note after Dissolution.*—A partner has no authority to execute a negotiable note in the name of the firm after its dissolution, except by the consent of his partner.

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial will not be granted for newly discovered evidence not procured because of the belief that the witness was dead, due to the fact of the parties hearing that the son of the witness' father was dead, and his belief that there was but one son, where investigation would have disclosed the facts and enabled him to procure the witness.

From the Delaware Circuit Court.

*France & Dungan,* for appellant.

*Gregory & Silverburg,* for appellee.

GAVIN, C. J.—One partner has no authority to execute a negotiable note in the name of the firm after the dissolution of the partnership except by the consent of his partner. 2 Bates on Partshp., sections 693, 694; *Stair* v. *Richardson,* 108 Ind. 429.

There was abundant evidence to show that although appellant shipped its goods to Muncie billed to the firm of "Mock & Smith," this firm did not order them nor did it receive or use them, but that they were ordered in the firm name by one not in their employ and wholly unauthorized to do so, who received them and made use of them.

It is true there is evidence to the contrary, but the jury and trial court have determined the conflict and this it was peculiarly their province to do.

A new trial is sought for newly discovered evidence, but the showing of diligence is not sufficient. The *quantum* of diligence required is quite fully considered

in the recent opinion of Judge Ross in *East* v. *McKee*, 14 Ind. App. 45.

The courts uniformly enforce a strict and stringent rule before granting a new trial for this reason. The failure of appellant to procure the evidence of Ralph Smith seems to have been caused by its belief that T. J. Smith had but one son, and that when it received information that "T. J. Smith & Son," who had done business as partners, were dead, therefore Ralph Smith was dead. No facts appear either in the affidavits or evidence to justify this belief. So far as is disclosed, appellant's officers simply jumped to this conclusion without investigation or inquiry. The other witnesses, also, it seems to us, should by the exercise of proper care have been discovered. In the first place, had appellant found Ralph Smith, he would doubtless have disclosed to it the names of these other witnesses as probably conversant with the facts, they being the lessee and part occupants of the building at No. 321 S. Walnut street in Muncie, where it was claimed that "Mock & Smith" had an office and did business. This is the principal fact sought to be shown by them. It was known to appellant to be a material fact before the trial and one of appellant's officers testified that he was at the office at this place and found that it was shared by another. Diligence would have required that the ownership of the real estate should have been ascertained, inquiry made of the owner as to the lessees and occupants and from them as to their knowledge of Mock & Smith's occupancy of this office. Nothing of this kind seems to have been done. There was no error in overruling the motion for a new trial.

Judgment affirmed.

Lotz, J., did not participate.

Filed January 22, 1896.