RICHARDSON v. STEPHENSON ET AL.

[No. 5,908. Filed June 20, 1906.]

1. QUIETING TITLE.—*New Trial as of Right.*—*Failure to Vacate Former Judgment.*—*Appeal and Error.*—The granting of a new trial in quieting title cases, upon the filing of a proper bond, is mandatory; and the Appellate Court will direct the prior decree to be set aside where a new trial was granted but such former decree was not formally set aside. p. 340.

2. PLEADING.—*Complaint.*—*Amendable Defects.*—*Statutes.*—*Appeal and Error.*—Where a complaint contains defects which might have been amended below, it will be held sufficient under §670 Burns 1901, §658 R. S. 1881. p. 341.

3. APPEAL AND ERROR.—*Demurrer to Complaint.*—*Amended Complaint.*—A demurrer to the complaint raises no question where an amended complaint is on file. p. 341.

4. SAME. — *Answer.* — *Sustaining Demurrer.* — *Facts Provable under Another Paragraph.*—Where the facts contained in a paragraph of answer are provable under another paragraph, sustaining a demurrer thereto is harmless. p. 341.

5. APPEAL AND ERROR.—*New Trial.—Time of Filing.*—Where a decree was made on April 28 and the term closed on April 30, a motion for a new trial filed June 29 was too late.   p. 341.

6. SAME. — *Right Result.* — Where the trial court reached the right result, its judgment will be affirmed.   p. 341.

From Perry Circuit Court; *C. W. Cook,* Judge.

Suit by James A. Stephenson, Sr., and others against Irene Richardson and another.   From a decree for plaintiffs, defendant Richardson appeals.   *Affirmed.*

*Stotsenburg & Weathers, James E. Stewart* and *Philip Zoercher,* for appellant.

*John W. Ewing* and *Sol. H. Esarey,* for appellees.

ROBY, J.—This suit was brought by appellees to quiet title to a strip of ground claimed by virtue of a division made by the owners of a certain tract of land twenty years prior to its commencement.   The suit was instituted against appellant and her husband.   The original complaint was in two paragraphs, one to quiet title and the other for partition.   The defendants filed an answer to both paragraphs, setting up ownership of the land in dispute and asking to have their title thereto quieted.   A trial was had which resulted in a finding and decree for appellant and her husband.   Within a year from date of decree, appellees filed a bond for a new trial as of right under the statute, which new trial, over the objection of appellant, was had.   Pending the second trial her husband and codefendant died, and the case proceeded against the appellant upon the amended complaint, upon which issues were formed and a trial had, resulting in a finding and decree for appellees, from which decree this appeal is taken.

No record entry was made vacating the prior decree. The court had, however, no discretion but to grant a new trial and vacate the decree, upon the steps set out by statute having been taken.   *Anderson* v. *Anderson* (1891), 128 Ind. 254.   It appearing that a new trial was in fact granted and had, a formal record

thereof should have been made to conform to the fact, and the circuit court is therefore directed to make such record. *Harris* v. *Curtis* (1905), 34 Ind. App. 438, 440; *Merom Gravel Co.* v. *Pearson* (1904), 33 Ind. App. 174.

The third assignment challenges the action of the court in overruling appellees' demurrer to the first paragraph of amended complaint. The defect pointed out is one 2. which might have been amended by the court below, and will therefore be deemed to be amended in this court. §670 Burns 1901, §658 R. S. 1881.

The demurrer was directed to the plaintiffs' complaint, for which reason the assignment does not present 3. a question. The same is true of the demurrer to the second paragraph of complaint and the fourth assignment of error. There was no error in sustaining appellees' demurrer to appellant's third paragraph 4. of answer, all the facts therein averred being admissible under the general denial. *Watson* v. *Lecklider* (1897), 147 Ind. 395.

The appellant's motion for a new trial was filed June 29 in vacation. The decree appealed from was made on April 28 and the term closed on April 30. The 5. statute provides that a motion may be made at any time during the term at which the verdict or decision is rendered, and if such verdict or decision is rendered on the last day of any term a motion may be filed on the first day of the next term of court. The judgment appealed from was not rendered on the last day of the term, and the motion was not, therefore, made in time. *Dugdale* v. *Doney* (1903), 30 Ind. App. 240.

A review of the evidence leads to the belief that 6. the conclusion reached was the correct one upon the evidence.

Decree affirmed.