## LOUISVILLE & NASHVILLE RAILROAD COMPANY v. VINYARD.

[Nos. 5,397 and 5,926.   Filed November 27, 1906.   Rehearing denied March 15, 1907.]

1. NEW TRIAL.—*Motion for.*—*When Made.*—A motion for a new trial should ordinarily be made during the term within which judgment was rendered; but if judgment be rendered on the last day thereof, the motion may be filed .on or before the first day of the next term.   p. 631.

Louisville, etc., R. Co. *v.* Vinyard—39 Ind. App. 628.

2. NEW TRIAL. — *After-Discovered Causes.—Action for.—When Filed.*—Where causes for a new trial are discovered after the term within which judgment is rendered, a complaint for a new trial may be filed within one year from the date of judgment and not later than the second term of court after such discovery.   p. 632.

3. APPEAL.—*Right of, where New Trial is Asked Subsequently in Trial Court.*—An application for a new trial under §572 Burns 1901, §563 R. S. 1881, for after-discovered causes, does not preclude the prosecution of an appeal from the judgment theretofore rendered in such cause.   p. 632.

4. ACTION.—*New Trial.—After-Discovered Causes.*—An application for a new trial under §572 Burns 1901, §563 R. S. 1881, for after-discovered causes, constitutes an independent action.   p. 632.

5. NEW TRIAL.—*After-Discovered Causes.—Railroads.—Setting Fires.*—Evidence that a barn was burning before a train had come within a half mile of it is material, in an action against the company for negligently burning the barn, and is not cumulative, where no evidence on such fact was introduced at the original hearing.   p. 632.

6. PLEADING.—*Complaint.—Facts.—Conclusions.—New Trial.— After-Discovered Causes.*—A complaint for a new trial on account of after-discovered causes, must set out the facts showing diligence in ascertaining the evidence, conclusions of the pleader as to diligence being disregarded.   p. 633.

7. NEW TRIAL.—*After-Discovered Causes.—Granting of, in Disfavor.*—Courts do not favor the granting of new trials because of newly-discovered evidence, and will do so only on unequivocal evidence of diligence.   p. 634.

8. SAME.—*Diligence.—Railroads.—Setting Fires.*—A new trial because of newly-discovered evidence should be refused, in a case in which a railroad company was charged with negligently setting plaintiff's barn on fire, where the newly-discovered evidence was that of a neighbor who, to the knowledge of the company, was present at the fire and lived in the immediate vicinity and the company had not asked him anything about such fire.   p. 634.

9. TRIAL. — *Answers to Interrogatories.—Railroads.—Setting Fires.*—Answers to interrogatories to the jury, in an action against a railroad company for setting fires because of the negligent operation of its engine, that the spark-arrester was good; that the engineer was unskilful and that more steam was used than necessary to ascend the grade, are not irreconcilable with a verdict for plaintiff.   p. 634.

10. TRIAL. — *Railroads.* — *Setting Fires.—Question for Jury.*— Whether plaintiff's barn was set on fire by defendant's engine, because of an excessive use of steam, is a question for the jury. p. 635.

11. EVIDENCE.—*Railroads.—Setting Fires.—Other Fires Set by Same Engine.*—In an action against a railroad company for negligently setting fires, evidence of other fires set by the same engine is admissible. p. 635.

12. TRIAL.—*Failure of Proof.—Railroads.—Setting Fires.— Proximate Cause.*—Where plaintiff alleges that defendant railroad company, by overtaxing its engine, negligently set his barn on fire, his proof must show that such overtaxing was the proximate cause of the emission of the sparks setting such fire. p. 635.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by George Vinyard against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Gilchrist & DeBruler,* for appellant.

*G. V. Menzies* and *C. M. Spencer,* for appellee.

ROBY, J.—The appellee's complaint was in one paragraph. He avers that he was the owner of a barn situated near the line of appellant's railroad, and that it so negligently operated one of its engines that sparks of fire were thrown from said engine into or upon said barn, setting fire to and destroying it, to his damage. The averment of negligence is: "That said sparks of fire and burning cinders were emitted from said engine on the date aforesaid, either by the defective condition of said engine on the date aforesaid, or by the defective construction of said engine, or by the careless and negligent manner in which said engine was operated on said date by the defendant." There was no motion to require the complaint to be made more specific, the issues were formed by a general denial, cause was submitted to the jury upon the theory, acquiesced in by all concerned, that the appellee might recover upon proof of the destruction of his building by fire from said locomotive and

the negligence of the defendant in some one of the respects charged. Verdict for $650, with answers to interrogatories.

Appellant's motion for judgment on answers to interrogatories, notwithstanding the general verdict, was overruled, as was also its motion for a new trial. Judgment on the verdict was rendered May 6, 1904. From this judgment appellant prosecuted a term-time appeal, its bond being filed on May 20, and said cause being No. 5,397. On January 2, 1905, it filed its complaint in the circuit court, setting out therein the rendition of said judgment, and the pleadings and proceedings therein had, by which it is made to appear, among other things, that the material fact in issue was whether the barn was set on fire by sparks from the engine drawing its east-bound freight-train. Circumstances upon which the affirmative inference depends are also detailed, and it is averred that there was no evidence introduced tending to show that the barn was on fire before the train and engine in question passed, and that it can be proved by a person named that said barn was on fire before the engine, from which it is claimed said fire originated, had passed said barn, and when said engine was one-half mile distant therefrom. The affidavit of the witness and the transcript of the evidence given on the trial of the cause are made a part of the complaint. To this pleading appellee demurred for want of facts, and such demurrer was sustained. Appellant refused to plead further, and judgment was rendered against it, from which judgment it also prosecutes a term-time appeal (No. 5,926), assigning error upon the action of the court in sustaining said demurrer. The causes were, upon the motion of appellant, assented to by appellee, consolidated. *Oldfather* v. *Zent* (1894), 11 Ind. App. 430.

A motion for a new trial must be made during the term at which the verdict or decision is rendered, except it be rendered on the last day of the term, when it may be made on the first day of the following term. §570 Burns 1901, §561 R. S. 1881; *Dugdale* v.

*Doney* (1903), 30 Ind. App. 240; *Richardson* v. *Stephenson* (1906), 38 Ind. App. 339.

Where causes for a new trial are discovered after the term at which the verdict or decision is rendered, application therefor may be made by complaint. §572 Burns 1901, §563 R. S. 1881. Application under §572, *supra,* cannot be made more than one year after final judgment, and not later than the second term after discovery. The complaint for a new trial in the case at bar was filed within the time limit. The right to institute such a proceeding is not in terms restricted to causes in which no appeal has been taken and no good reason for inserting such restriction by construction has been stated. If the original judgment should be affirmed by the Appellate Court, it will have no greater validity than it had prior to the appeal, and, if it should be reversed, the losing party will certainly have no cause to complain.

An application under §572, *supra,* constitutes an independent action. *Davis* v. *Davis* (1896), 145 Ind. 4; *Hines* v. *Driver* (1885), 100 Ind. 315.

The newly-discovered evidence set out in the complaint for a new trial is material. It goes directly to the issue. If the barn was burning when the engine was one-half mile distant, and while it was approaching the building, it was physically impossible for it to have set the fire, and the action fails. The proposed evidence is also shown not to be cumulative.

If the averments show a sufficient excuse for not producing the witness at the trial, then the demurrer to the complaint for a new trial should have been overruled. The averments in that regard are: That the appellant "diligently searched and inquired for all evidence which would tend to sustain its defense, * * * and was unable to find any other evidence than was offered by it;" that as

soon as it was informed of the burning of the barn and appellee's claim it made diligent inquiries of five persons named "and all other persons in the neighborhood of said barn, who would be likely to know any facts in relation to the burning of said barn, and caused inquiries to be made of every prominent man at the station of Upton, which was within a short distance of said barn, and from which station said barn could be clearly seen, to ascertain whether said barn was on fire before the passing of said engine;" that on two occasions thereafter it caused diligent inquiry again to be made of other persons who would be likely to know anything of the matter, and was unable to find witnesses who would testify as to whether it was or was not on fire before the engine passed.

The sufficiency of the complaint in this respect depends upon the facts stated, and not upon the conclusion of the pleader, as to the use of diligence. *Campbell* v. *Nixon* (1900), 25 Ind. App. 90.

The affidavit of the witness, whose testimony forms the basis of the application, is to the effect that on the morning of August 19, one of appellant's trains went on a side-track at Upton station, and stood there waiting for the train, the engine of which is averred to have set the fire complained of; that, while said train was standing on the switch, the affiant went to the caboose and engaged in conversation with the conductor; that, while so engaged in conversation, he looked through a window of the caboose and saw smoke issuing from an opening in the north side of said barn, at a time five or six minutes before the south-bound train, which is averred to have caused the fire, had reached said station; that he supposed, when he saw the smoke issuing from the barn, that it was dust, caused by throwing hay into the barn, but learned afterward that no hay had been put into it at that time; that, because of such supposition, he gave no alarm; that after the west-bound train passed the

station he rode in the caboose one hundred thirty or one hundred forty yards from the siding, then walked about one hundred yards to the house, heard the alarm of fire, and saw the barn apparently enveloped in flames, whereupon he ran to the place and assisted in the effort to put out the fire. The witness being present at the fire, inquiry from the persons there present would have conveyed full information before the trial. His presence in the immediate vicinity was known to appellant's conductor. It appears that he resided in the immediate vicinity, and would therefore come within the range of inquiry which is averred to have been diligently conducted.

Courts do not favor reopening causes for newly-discovered evidence, and will only do so when the evidence of diligence is unequivocal. *Chicago, etc., R. Co. v. McKeehan* (1892), 5 Ind. App. 124.

The facts stated do not show a sufficient excuse for failing to see the witness before the trial (*Huntington White Lime Co. v. Mock* [1896], 14 Ind. App. 221; *Crumrine v. Estate of Crumrine* [1896], 14 Ind. App. 641), or for failing to learn from the conductor of such witness and his opportunities for observation. *Pemberton v. Johnson* (1888), 113 Ind. 538. There was therefore no error in sustaining the demurrer to the complaint for a new trial. This conclusion requires an examination of the questions presented by the assignment of errors in the appeal from the original judgment.

The first assignment is that the court erred in overruling appellant's motion for judgment upon the interrogatories, notwithstanding the general verdict. The answers show that the engine in question was equipped with a sufficient spark-arrester, but that the engine was not operated by a skilled engineer, and that the engineer used more steam than was required to get up the grade. It having been averred, as a basis for liability, that the engine

Louisville, etc., R. Co. *v.* Vinyard—39 Ind. App. 628.

was negligently operated, to the damage of appellee's property, the answers to interrogatories must state facts inconsistent with the general verdict in order to authorize a judgment notwithstanding it.

Appellant argues that the use of too much steam had no connection with the emission of sparks and the setting of fire thereby. Whether it had or could have such connection is a matter of fact which was within the exclusive province of the jury. The answers to interrogatories are not inconsistent with the general verdict upon that proposition, and the motion was therefore correctly overruled.

The second assignment is that the court erred in overruling appellant's motion for a new trial.

One reason given for a new trial was that the evidence does not support the verdict. The verdict can only stand upon the charge of the negligent operation of the engine. Appellant asserts that there is no evidence of such negligent operation. Appellee's contention is that the evidence of other fires set by appellant's engine was admissible as tending to show the negligent operation of the one in question. This doctrine may be granted, although some difficulty seems to exist in its application. *Cleveland, etc., R. Co.* v. *Loos* (1906), 38 Ind. App. 1.

The doctrine cannot be used to meet the defect in appellee's proof. The negligent operation relied upon in this case consists in the use of too much steam, while the engine was passing the premises. The appellant introduced evidence tending to show that no connection existed between the amount of steam used and the. escape of fire charged. The finding of the jury was conclusive in disposing of the motion for judgment, notwithstanding the general verdict, but the burden of proving the connection between the negligent operation and the injury complained of was upon appellee. In the absence of evidence to sustain the finding, there being evidence to the

contrary, the motion for a new trial ought not to have been overruled.

The judgment will therefore be reversed, costs occasioned by the appeal in No. 5,926 are taxed to the appellant, and the cause is remanded for further proceedings.