## LOWE v. MOHLER.

[No. 8,423.    Filed July 1, 1914.]

1. CONTRACTS.—*Commission for Sale of Real Estate.—Signature.— Statutes.*—Under §7463 Burns 1914, Acts 1913 p. 638, providing that no contract for a commission for the sale of real estate shall be valid unless in writing signed by the owner or his legally appointed representative, a real estate agent with whom such a contract is entered into can not act as agent or legal representative for the owner in signing his name to the contract, and any subsequent statement of the owner that he would pay the commission specified, can not operate to ratify and make valid a contract so signed.    p. 595.

From Wayne Circuit Court; *Henry C. Fox,* Judge.

Action by Henry Lowe against Charles D. Mohler.    From a judgment for defendant, the plaintiff appeals.    *Affirmed.*

*Brown & Beard, Robbins & Robbins* and *John O. Spahr,* for appellant.

*Fred C. Gause,* for appellee.

SHEA, J.—Action in the Henry Circuit Court against appellee to recover commission due appellant according to the terms of a written contract.    Various pleadings were filed, and later the venue was changed to the Wayne Circuit Court.    There a third paragraph of complaint was filed alleging in substance the following facts: Appellee (defendant) was the owner of a farm in Henry County, Indiana, which he was desirous of selling, and on June 24, 1910, asked

appellant to procure a purchaser for same, stating he would pay him for his services in the premises the sum of $174; that in appellee's presence appellant then drew up a certain writing as follows:

"This contract made this 24th day of June, 1910, between Charles D. Mohler, of Henry County, Indiana, and H. S. Lowe, of Henry County, Indiana, witnesseth that party of first part gives to said H. S. Lowe the right to sell or trade for him the following property in Henry County, Indiana, to wit: 174 acres owned by Mohler in Stoney Creek Township, Henry County, Indiana, 5 R. H. 3 barns, twelve acres of timber, 1 mile north of Blountsville, Indiana, and if the said H. S. Lowe finds a buyer for said property, or a trade for the same then said party of the first part agrees to pay said H. S. Lowe $174 for his services. Said Commission to be paid as aforesaid in case said party of the first part sells or trades said property to any one suggested by said H. S. Lowe. The term of this contract is 6 months from date. Said property may be sold on following terms: Cash or ................. Charles D. Mohler. H. S. Lowe."

That appellant read said writing to appellee, and asked appellant to sign his (appellee's) name thereto; that appellee said the contract as drawn up and read was all right, and for appellant to sign appellee's name and also his own name thereto; that accordingly, in the presence of appellee and with his full knowledge, approval and consent, under and by his direction, appellant did sign the writing with appellee's name, and his own name; that a few weeks thereafter appellant found a purchaser for the farm, but had not yet produced or made him known to appellee, and at that time appellee, in consideration of appellant's producing the purchaser and completing the services as agent agreed to abide by the terms of the written contract and pay the commission therein stated for his services, and did "then and there upon the consideration aforesaid fully ratify and approve said written contract and agreement and adopt the signature thereto appended as his own"; that appellant did produce

a purchaser for the farm to whom appellee sold the land, executing a deed therefor on September 2, 1910; that appellee has failed and refused to pay appellant his commission, and the sum of $174 is justly due and owing him, for which amount he demands judgment and all other proper relief.

A demurrer to this paragraph of complaint was sustained. The cause was submitted upon the first paragraph of complaint which we need not set out with particularity as it declared upon the written contract above. At the close of appellant's evidence, the court, on motion, peremptorily instructed the jury to find for appellee. Judgment was rendered that appellant take nothing by his action and appellee recover of him his costs.

The errors assigned are the sustaining of appellee's demurrer to the third paragraph of complaint; the sustaining of appellee's motion to peremptorily instruct the jury to find in his favor and the overruling of appellant's motion for a new trial.

The question is properly presented in this case that the alleged written contract for the payment of commission for the sale of the real estate was not properly executed

1. in accordance with §7463 Burns 1908, Acts 1901 p. 104, of the statute of frauds. Our conclusion upon this proposition will determine all the questions properly presented upon the assignments of error argued by appellant. The Statute of Frauds and Perjuries, as its name implies, was designed to prevent frauds and perjuries in the various transactions covered by its provisions. The section of the statute now under consideration was especially designed to protect both agents and the owners of real estate in transactions involving the sale and transfer thereof, and the payment of commissions for agents' services. *Olcott* v. *McClure* (1912), 50 Ind. App. 79, 98 N. E. 82. It has been held repeatedly that neither party to the transaction can act as the agent for the other in making the contract, that

is, appellant, in this case could not act as the agent for appellee in writing his name to the instrument in question, even by his direction.   To permit such practice would result in rendering the statute of no effect, as the question of authority to attach the signature when disputed, as in this case, becomes at once a subject of oral proof, which is precisely the thing the legislature sought to avoid in the enactment of such statutes, and which the courts have uniformly held in construing them.

Our statute of frauds is modeled after the English statute passed in 1676 (29 Car. II, Chap. 3).   "The chief object of these statutes is to prevent the facility to frauds and the temptation to perjury offered by the enforcement of obligations depending for their evidence upon the unassisted memory of witnesses."   20 Cyc. 156.   In the case of *Crow* v. *Carter* (1892), 5 Ind. App. 169, 31 N. E. 937, the court, in discussing a contract not within the statute of frauds, says: "The act of signing may be performed in many ways and be valid, and the instrument may be binding, if accepted by the parties, though not signed at all.   Not so with respect to contracts that fall within the statute of frauds.   These are required to be in writing and signed by the party to be charged therewith, 'or by some person thereunto by him lawfully authorized.' "

Appellee could not lawfully authorize appellant in this case to sign his name to the contract, neither would a subsequent statement made by him to appellant that he would pay the amount of commission as stated in the contract amount to a ratification and thus take it out of the statute of frauds.   Appellee could not ratify and make valid an act which he was not authorized to do in the first instance. His ratification could not satisfy the plain requirement of the law that the contract must be signed by himself or some one legally authorized by him, as such a transaction would be equally obnoxious and would permit the very evil which the statute is designed to prevent.   The language of the stat-

ute itself implies strict observance. "No contract * * * for commission * * * for the finding * * * of a purchaser for the real estate of another shall be valid unless the same shall be in writing signed by the owner of such real estate or his legally appointed and duly qualified representative." Appellant in this case was not the legal representative authorized to sign appellee's name to the contract in question, and could not be, within the letter and spirit of this statute. The following authorities sustain this principle. Browne, Stat. of Frauds (5th ed.) §367; 1 Reed, Stat. of Frauds §369; *Wilson* v. *Lewiston Milling Co.* (1896), 150 N. Y. 314, 44 N. E. 959, 55 Am. St. 680; 29 Am. and Eng. Ency. Law (2d ed.) 861; *Wright* v. *Dannah* (1809), 2 Camp. 203. It is doubtless true that in some instances the application of this doctrine may work a hardship and innocent parties may be required to suffer therefrom, but the aggregate good which comes from its strict enforcement so far overshadows the evil that the courts uniformly adhere to the rule as announced.

It follows therefore that no error was committed by the trial court in refusing to admit the oral evidence as to the alleged direction to sign the contract and the subsequent ratification thereof, complained of, or in refusing to permit the introduction of the alleged written contract in evidence, therefore no error was committed by the court in directing a verdict. Judgment affirmed.

Note.—Reported in 105 N. E. 934. As to contracts that can not be ratified, see 59 Am. St. 638. As to the power of the legislature to require contracts for commissions for finding a purchaser for real estate to be in writing, see 33 L. R. A. (N. S.) 973. See, also, 19 Cyc. 219.