## WOLBER et al. v. ROSE.

No. 11263—Opinion Filed July 24, 1923.

Rehearing Denied Sept. 18, 1923.

1. **Wills—Contest — Review — Evidence.**

The judgment of the trial court in probating a will and the findings upon the issues presented by the contestant will not be disturbed unless clearly against the weight of the evidence.

2. **Wills — Execution — Attestation—Evidence.**

Where an attesting witness to a will fails to sign his own name as such witness, but requests another person to sign his name and adopts the signature, so made, as his signature, and said witness appears as a witness on the contest of the will and testifies that he authorized his name to be signed to said will and adopts it as his own, such is a sufficient signature of the attesting witness, and is not fatal to the validity of the will.

3. **Same—Signature of Attesting Witness —Necessity.**

Failure of the person who signed the name of one of the witnesses to the will at his request to affix her own signature as an attesting witness does not invalidate the will.

**4. Wills — Contest — Judgment — Sufficiency of Evidence.**

Record examined, and held, the judgment of the trial court is not clearly against the weight of the evidence.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Contest of will of W. M. Rose; Mary Wolber, I. M. Bible, and Hettie Adams, contestants; Jim Rose, proponent. Judgment admitting will to probate, and contestants bring error. Affirmed.

W. H. Brown, Sam A. Neely, and W. C. Peters, for plaintiffs in error.

E. P. White, L. V. Reid, and E. O. Clark, for defendant in error.

Opinion by MAXEY, C. The will of W. M. Rose was presented to the county court of Le Flore county for probate. The probate thereof was contested by Mary Wolber, I. M. Bible, and H. Adams, and the county court denied the probate of the will, and from the judgment of the county court the proponent appealed to the district court. From the judgment of the district court, admitting the will to probate. this appeal is prosecuted.

Counsel for contestants, plaintiffs in error, who will hereafter be referred to as contestants, say that the nine assignments of error contained in the record all go to the controlling issue in the case and may be disposed of under one proposition. We will adopt that method of disposing of them. The controlling issue, as stated by counsel in their brief, goes to the manner in which Lomy Lawson, a witness to the will, affixed his signature to said will. It appears from the evidence that W. M. Rose called on James H. Carr, who happened to be at Rose's house one evening, and wanted Carr to write his will, and other parties to witness it. They all went in to the dining room and gathered around the table, and W. M. Rose dictated what he wanted in the will and Carr wrote it down. Rose then signed the will and called on Lomy Lawson, George Davis, and James H. Carr to witness it. Lomy Lawson stated that he wrote his name so poorly he was afraid they could not read it, and requested Dessie Taylor, a young lady, to write his name to said will as a witness, which she did. George Davis' name was written by his wife at his request, as Davis could not write his name. and his name to said will might be insufficient to constitute him a witness, but there are two witnesses to the will, to wit, Lomy Lawson and James H.

Carr, who could write their names, and as before stated, Lomy Lawson requested Dessie Taylor to sign his name for him, so the whole question as to the validity of the will turns on whether it was properly witnessed. Counsel for contestant contend strenuously that Lomy Lawson's name having been written by another person, although adopted by Lawson as his signature, is not sufficient to make him a proper witness. Under the statutes, section 1132, Comp. Stats. 1921. reads as follows:

"Method of Witnessing a Will. A witness to a written will must write, with his name, his place of residence; and a person who subscribes the testator's name, by his direction, must write his own name as a witness to the will. But a violation of this section does not affect the validity of the will."

Counsel for Jim Rose, defendant in error, referred to herein as proponent. argue that our statute only applies to witnesses who cannot write their name and has no application to persons who can write their names, but request another person to sign their names for them and adopt it as their signature. The case is ably briefed by both parties. The briefs of contestants cite largely cases where the witness could not write his name, and the cases cited by counsel for proponent are largely cases from other states, which hold that a witness may effectually sign or subscribe his name in attestation if he holds the pen while his signature is being written, or adopts the signature thus written as his own, so it will be seen that the whole question in the case turns on whether Lomy Lawson is a proper witness to the will. Chief Justice Owen construed this section in the case of In re Will of Me-hun-kah, 78 Okla. 214, 189 Pac. 867, and cites the case of Rosetta Ward et al. v. Board of County Commissioners et al., 12 Okla. 257, 70 Pac. 378, wherein the court says it is not necessary that the attestation clause of witness be attached to the will in order to make the will valid. In its absence it can be shown by competent evidence that the will was attested as required by law, if the will was signed by witnesses. The absence of modes of proof that the will was witnessed as required by law. Judge Owen also says that section 11232, Comp. Stat. 1921, provides that a person who subscribes testator's name shall write his own name as a witness, but also especially provides that a violation of this requirement does not affect the validity of the will, so in this case the failure of Lomy Lawson to sign his own name and requesting Dessie Taylor to

sign it for him makes his signature to the will a good signature. On the trial of the case in the district court, Lomy Lawson appears as a witness for the proponent and in answer to the question, "Can you write your name?" he replied, "Well, I can scratch it—I can write a little, not much." He was then asked: "You mean you can sign your name, but you can't sign it good?" He answered, "No, sir; I can't sign my name good." He was asked: "Now, where did Dessie Taylor sign your name?" (showing him the will) ; and he answered, "Right here" (indicating). He further testified that he requested Dessie Taylor to sign his name as a witness to the will, and that he held the pen while she signed his name to the will; and there is ample authority to support the contention of proponent that Lomy Lawson's name to said will, witnessed as it was, is his own signature.

We cite a few cases from other jurisdictions which hold that where a person's name is signed for him at his direction and in his presence by another, the signature becomes his own: (Ala. 1893) Lewis v. Watson, 98 Ala. 479, 13 South. 570, 39 Am. St. Rep. 82, 22 L. R. A. 297; (Ark. 1857) Clark v. Latham, 25 Ark. 16; (Cal. 1863) Jansen v. McCahill, 22 Cal. 583, 83 Am. Dec. 84; (Ga. 1857) Reinhart v. Miller, 22 Ga. 402, 68 Am. Dec. 506; (Ill. 1859) Handyside v. Cameron, 21 Ill. 588, 74 Am. Dec. 119; (Ind. 1880) Croy v. Busenbank, 72 Ind. 48; (1896) Crumrine v. Crumrine's Estate, 14 Ind. App. 641, 43 N. E. 322; (Me. 1842) Frost v. Derring, 21 Me. (8 Shep.) 158; (Minn. 1871) Pottgieser v. Dorn, 16 Minn. 204 (Gil. 180) ; N. J. (1878) Mutual Benefit Life Ins. Co. v. Brown, 30 N. J. Eq. (3 Stew.) 193; (Pa. 1896) Fitzpatrick v. Engard, 175 Pa. 393, 34 Atl. 803.

A number of these states have statutes almost identical with ours, and others have statutes substantially like ours, but there is no lack of authorities for the proposition that where one directs another to sign his name to an instrument in his presence, he adopts that signature as his own, and it is just as binding on him when signed to a contract that way as if signed by his own hand.

The finding of facts by the court is full and complete on all of the contested points, and we cannot say that they are against the weight of the evidence. In fact, we think they are well supported by the evidence.

The judgment of the district court admitting the will to probate is, in all things, affirmed.

By the Court: It is so ordered.